99 N.J. Super. 427 (1968)
240 A.2d 188
BEATRICE WILSON, PLAINTIFF,
v.
WILLIE WILSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 27, 1968.
*428 Mr. Benjamin D. Braelow for plaintiff.
Mr. Bernard A. Kuttner for defendant.
CONSODINE, J.C.C. (temporarily assigned).
Plaintiff and defendant reconciled before trial. A pendente lite order had allowed counsel fee. Plaintiff moves to dismiss the complaint and to preserve the uncollected counsel fee.
The theory of allowing a counsel fee pendente lite is to enable a wife to prepare her case for trial if her demonstrated need is shown. It is an incident of alimony and awarded as such to the wife. Shaffer v. Shaffer, 129 N.J. Eq. 42 (E. & A. 1941); Wheeler v. Wheeler, 48 N.J. Super. 184 (App. Div. 1957).
Under our decisional law, public policy ordains that the marriage status be maintained; that it is the duty of counsel as officers of the court to encourage settlement of actions disruptive of the marital status even at the cost of legal fees to counsel, and that reconciliation of the parties abrogates the cause of action as a legal proceeding. Cole v. Cole, 30 N.J. Super. 433 (Chancery Div. 1954); Shaffer v. Shaffer, supra, and Kuntz v. Kuntz, 80 N.J. Eq. 429 (Ch. 1912).
However, our case law is barren of decision on the preservation of an uncollected counsel fee under a pendente lite order where a reconciliation occurs.
*429 Stated in Kuntz, and inherent in Cole by quotation, is the mandate that neither party nor the court may, after reconciliation, take an adverse step in the cause.
The pendente lite order dies in all regards when a judgment nisi is entered unless there is a specific reservation. Lief v. Lief, 14 N.J. Misc. 27 (Ch. 1935), affirmed 117 N.J. Eq. 483 (E. & A. 1935). In a judgment of dismissal predicated on a reconciliation there can be no reservation because such would be an adverse order. Cole v. Cole, supra. It would be adverse in that it would subject defendant, among other things, to a contempt citation and to execution  both the progeny of an adverse order.
The provision in the proffered judgment of dismissal will be deleted.