JOAN K. NORWOOD, PLAINTIFF-APPELLANT, v.
BERDNIA C. NORWOOD, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 4, 1977—Decided October 19, 1977.

Before Judges MATTHEWS, CRANE and ANTELL.

Camden Regional Legal Services, Inc., attorney for appellant (*Mr. Stephen M. Schwartz* on the brief).

There was no brief filed on behalf of respondent.

PER CURIAM. Plaintiff appeals from an order denying her application for a wage execution.

On December 14, 1973 defendant consented to an order which provided for $200 a month support to plaintiff, and required defendant to stay away from the marital premises without plaintiff's permission.

Plaintiff and defendant separated and the defendant left New Jersey. However, he continued to make the $200 payments through October 1975. No payments have been received since November of that year.

Plaintiff filed a notice of motion to enforce litigant's rights and an order reducing the arrears of $1,200 to judgment was entered on April 15, 1976. Since that date plaintiff has unsuccessfully attempted to collect support from defendant. Defendant is presently retired from the Air Force and living in Massachusetts. He receives an Air Force retirement pension each month, but steadfastly refuses to provide any support whatsoever.

Plaintiff then attempted to arrange for a garnishment of the retirement pay of defendant under the provisions of 42 *U. S. C. A.* § 659 (*PL.* 93–647). The judgment was docketed in the Superior Court of New Jersey pursuant to *N. J. S. A.*

2A:4–19.1, and a notice of motion of application for wage execution was served. Defendant failed to respond in any manner and an application for order of wage execution was made to the Law Division. The trial judge rejected the application because of his belief that *R*. 4:59–1 "does not cover this matter." We reverse.

■ Plaintiff clearly has a right under statute to apply for and receive a writ of execution on a money judgment, even if that judgment was based upon accumulated arrears due to nonpayment of a support order. *Savoie v. Savoie*, 26 *N. J. Misc.* 67 (Ch. 1947); *Duffy v. Duffy*, 19 *N. J. Misc.* 332 (Ch. 1941); *Joseph Harris & Sons, Inc. v. Van Loan*, 23 *N. J.* 466 (1957); *Welser v. Welser*, 54 *N. J. Super.* 555 .(App. Div. 1959).

*R*. 4:59–1(a) states, in pertinent part:

\* \* \* Process to enforce a judgment or order for the payment of money, other than alimony or maintenance awarded in a matrimonial action, and process to collect costs allowed by a judgment or order, shall be a writ of execution, except if the court otherwise orders \* \* \* .

In *Joseph Harris & Sons, Inc. v. Van Loan*, above, the court clarified the operation of these standards in matrimonial causes where the amount of arrearages on an order for alimony and support had been fixed and entered upon the civil docket under *N. J. S. A.* 2A:16–18, and 19. There the trial judge had entered an order fixing arrearages due on a previous order for alimony and support, in the amount of $965.60. Plaintiff then entered the order on the civil docket under *N. J. S. A.* 2A:16–18 and proceeded to apply for a writ of execution. The Law Division quashed the writ and plaintiff appealed.

■ The Supreme Court reversed, observing that *N. J. S. A.* 2A:16–18 was merely the codification of a long line of earlier statutes relating to the creation of liens to aid in the enforcement of Chancery decrees or orders:

For a century or more the practice in this State had required that the past due payments of alimony or maintenance be established by a formal order or decree as past due and owing, and when that was done such decree could be docketed and a lien established * * * .
*R. R.* 4:74–1 [now *R.* 4:59–1] merely implements these statutes procedurally. * * * It thus became necessary to indicate in the rule that an order or judgment for the payment of alimony or maintenance as an annuity was not such an order or judgment under the established practice in this State upon which a writ of execution could issue as a matter of course. * * * [23 *N. J.* at 471]

Thus, once a support or alimony order is reduced to a judgment which establishes a fixed sum of money due on arrearages of such an order, that judgment is sufficient at law to bring it within the guidelines of execution of process under statute.

While the cited cases deal with the operation and effect of judgments entered on the civil docket pursuant to the provisions of *N. J. S. A.* 2A:16–18, we find no reason to reach a contrary result with respect to a judgment for accumulated arrearages entered on the civil docket pursuant to the provisions of *N. J. S. A.* 2A:4–19.1.

*N. J. S. A.* 2A:16–18 covers judgments or orders for payment of money in the Chancery Division or in the former Court of Chancery:

Every judgment, or order for the payment of money, entered in the superior court, chancery division, from the time of its entry upon the civil docket, and every decree or order for the payment of money, of the former court of chancery, from the time it was signed, shall have the force, operation and effect of a judgment of the superior court, law division, and execution may issue thereon as in other cases, subject, however, to the provisions of section 2A:16–19 of this title.

*N. J. S. A.* 2A:4–19.1 refers to a judgment or order for payment of money determining the amount of past due support or maintenance in the Juvenile and Domestic Relations Court:

Every judgment or order for the payment of money, entered in the juvenile and domestic relations court, determining an amount

of support and maintenance or support or maintenance to be past due, may be docketed either in the County Court of any county or directly in the Superior Court and from the time of its docketing it shall have the force, operation and effect of a judgment of the County Court or Superior Court, Law Division, as the case may be, and execution may issue thereon as in other cases.

A mere reading of these two statutes shows that they each create a process by which court orders for support and maintenance may be reduced to judgment, docketed in the Superior Court, Law Division, and become the subject of an application for a writ of execution under *R.* 4:59–1.

Reversed and remanded to the Law Division for the issuance of an appropriate order in aid of execution.