HUSBAND C., Petitioner below,
Appellant,

v.

WIFE C., Respondent below, Appellee.

Supreme Court of Delaware.

Submitted June 14, 1978.

Decided Aug. 14, 1978.

Robert C. Wolhar, Jr., Georgetown, for petitioner below, appellant.

H. Clay Davis, III, Georgetown, for respondent below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In this appeal from Family Court the question presented is whether the Family Court in making a property settlement under 13 Del.C. § 1513, pursuant to a divorce proceeding, may place marital property in trust.

I.

The petitioner and respondent were divorced after 43 years of marriage. During their marriage they acquired a considerable amount of real estate, much of which is rental property. Pursuant to the divorce decree, the Family Court disposed of the marital property under 13 Del.C. § 1513 (b) * by ordering that the real estate and the

_____

* 13 Del.C. § 1513 (b) provides:

"(b) For purposes of this chapter only, 'marital property' means all property acquired by either party subsequent to the marriage except:

furnishings and household goods contained therein be conveyed to the children of petitioner and respondent as trustees for their parents with power to rent, sell, or mortgage the real estate and pay out money to each parent as they determine in their sole discretion to be sufficient to maintain their standards of living. The Family Court order further provided that, upon the death of the petitioner and respondent, the trust corpus (with the exception of one parcel of real estate which may be devised by the petitioner) is to be vested in the children or their heirs in fee simple.

The petitioner has appealed the Family Court order contending that the Family Court lacks jurisdiction to create a trust of marital property. We reverse and remand.

## II.

The Delaware Divorce and Annulment Act, 13 *Del.C.* Ch. 15, provides in § 1513 for the disposition of marital property. Section 1513 reads in pertinent part:

"(a) In a proceeding for divorce or annulment, the Court shall, upon request of either party, equitably divide, distribute and assign the marital property between the parties without regard to marital misconduct, in such proportions as the Court deems just after considering all relevant factors * * * :"

■■ There is nothing within the above language which grants to the Family Court the power to place marital property in trust. Although § 1513 allows the Court to divide the marital property in such proportion as the Court deems just, it is clear that the Court is limited to dividing, distributing or assigning the property "between the parties," i. e., the husband and wife only. *Cohen v. Cohen,* Del.Super., 84 A. 122 (1912). A trust, by definition, grants to nonparties ownership rights and control over property, while cutting off control by the grantor. Accordingly, because a trust involves non-parties in the disposition of

marital property, it is not contemplated by the Statute and is impermissible thereunder.

■ The Court recognizes that the statute employs the phrase "equitably divide, distribute, and assign"; but such use of the word "equitably" does not refer to the power to create equitable, as opposed to legal, ownership interests in property. Rather "equitably" refers to the power of the Court to divide property according to justice and fairness. See *M. v. M.,* Del.Supr., 321 A.2d 115 (1974).

It is contended by the respondent that since 13 *Del.C.* § 1502 provides that the Delaware Divorce and Annulment Act should be liberally construed to effectuate amicable settlements and mitigate potential harm, and that [citing *D v. D,* Del.Super., 20 A.2d 139 (1941)] since Delaware Courts have incidental powers to effectuate the jurisdiction of the Court, the power of the Family Court to create a trust of marital property can be inferred from the Statute. We disagree.

■■ It is settled in Delaware that our courts have no inherent powers over matrimonial proceedings; that to the extent that such powers exist, they arise solely from statutes, and are strictly limited thereby. *Butler v. Butler,* Del.Supr., 222 A.2d 269 (1966). It follows that the Family Court can only dispose of marital property as provided by statute. Therefore, although the Act is to be liberally construed, such admonition cannot be used to confer authority upon the Court which clearly has not been granted to it by the Statute. The *D v. D* case, upon which respondent relies, is inapposite in that the Superior Court there held it could create procedural requirements; the Court there did not create a substantial remedy clearly not contemplated by the Statute.

Reversed and remanded for further proceedings consistent herewith.

"(1) Property acquired in exchange for property acquired prior to the marriage;

"(2) Property excluded by valid agreement of the parties; and

"(3) The increase in value of property acquired prior to the marriage."