162 N.J. Super. 456 (1978)
393 A.2d 593
JANICE WINTER, N/K/A JANICE BALICER, PLAINTIFF-RESPONDENT,
v.
IRVING WINTER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1978.
Decided September 13, 1978.
*459 Before Judges FRITZ, BOTTER and ARD.
Mr. Adrian I. Karp argued the cause for appellant.
Mr. Harold M. Savage argued the cause for respondent.
The opinion of the court was delivered by BOTTER, J.A.D.
With leave of court granted to defendant to prosecute this interlocutory appeal, defendant seeks to reverse orders of the trial court (a) entered on April 18, 1977 denying his application to vacate five judgments entered on arrearages in alimony and child support previously adjudicated in favor of plaintiff, and (b) entered on September 19, 1977 authorizing a sequestrator to sell defendant's real property in execution upon said judgments. Defendant had sought to vacate the judgments based upon plaintiff's remarriage and other changes in circumstances, relying in part on N.J.S.A. 2A:34-25. This court denied a stay of the foregoing orders but ordered the proceeds of the sale held in escrow, with certain exceptions, until further order of the court.
The first order of the trial court which is in issue was entered pursuant to a written opinion holding that N.J.S.A. 2A:34-25 does not authorize the vacating of judgments for alimony arrearages entered prior to plaintiff's remarriage. The opinion also held that the judgments were final as to child support arrearages previously adjudicated and would not be vacated on defendant's application. The order of September 19, 1977 authorizing execution on the judgments follows from the same principles of law.
The parties were divorced in December 1970. The divorce judgment incorporated a settlement agreement dated March *460 17, 1970 which called upon defendant to pay alimony of $37,000 a year and support and educational expenses for their son Robert until he finishes college and graduate or professional school.
Defendant promptly began to default in these payments and plaintiff moved to fix the amount of the arrearages and to compel their payment. Ultimately five judgments were entered and docketed. See N.J.S.A. 2A:16-18 and N.J.S.A. 2A:16-19 (providing for a lien on real estate when an order or judgment entered pursuant to N.J.S.A. 2A:16-18 is entered on the civil judgment and order docket of the Superior Court). The judgments were for arrearages, in the aggregate, in excess of $64,000 for alimony, $17,500 for the son's support and college expenses, and $21,500 for counsel fees. The adjudication of arrearages was made from time to time prior to plaintiff's remarriage in November 1973.[1] They cover various periods from June 1970 to October 31, 1973.
We are told that defendant unsuccessfully sought to set aside the settlement agreement and that appeals to this court and the Supreme Court were unavailing.[2] Defendant did not seek review of the orders fixing arrearages.[2a] Only *461 after plaintiff sought to enforce the judgments did defendant, by cross-motion heard in September 1976, seek to vacate the orders and judgments for alimony and child support.
Orders for alimony and child support may be amended from time to time. N.J.S.A. 2A:34-23 provides: "Orders so made may be revised and altered by the court from time to time as circumstances may require." Such orders are deemed to operate in praesenti and are always subject to review on a showing of changed circumstances. See Chalmers v. Chalmers, 65 N.J. 186, 192 (1974); cf. Smith v. Smith, 72 N.J. 350, 360 (1977); Martindell v. Martindell, 21 N.J. 341, 352 (1956). Moreover, on a spouse's application to fix the amount of arrearages and to compel their payment, the court has discretion to determine whether the prior alimony or support order should be enforced and whether and to what extent a spouse should be forced to pay arrearages. Madden v. Madden, 136 N.J. Eq. 132, 136 (E. & A. 1945); Welser v. Welser, 54 N.J. Super. 555 (App. Div. 1959). Alimony and support obligations do not automatically "vest as they become in arrears but are subject to the control of the court." Federbush v. Federbush, 5 N.J. Super. 107, 110 (App. Div. 1949). Thus, orders for future alimony and support must not be deemed an "order for the payment of money" with the same effect as money judgments entered in the Superior Court, Law Division, within the meaning of N.J.S.A. 2A:16-18.
There is a difference between fixed and unfixed arrearages. Joseph Harris & Sons, Inc. v. Van Loan, 23 N.J. 466 (1957); Savoie v. Savoie, 26 N.J. Misc. 67, 57 A.2d 469 (Ch. 1947). The Joseph Harris & Sons, Inc. case concerned an application by a divorced husband's creditor to quash a writ of execution issued on an order for alimony and support entered in a matrimonial action. The court said:
An order entered on February 3, 1956 in the matrimonial cause fixed the amount of arrearages due on an order for alimony and support pendente lite in the sum of $965.60. This order was entered upon the civil docket and since it was an order for the payment of *462 money it had the force, operation and effect of a judgment of the Superior Court, Law Division, an "execution may issue thereon as in other cases," N.J.S. 2A:16-18, subject to the provisions of N.J.S. 2A:16-19. An abstract of this judgment was subsequently entered on the Civil Judgment and Order Docket of the Superior Court pursuant to N.J.S. 2A:16-19, and the judgment became a lien and bound the real estate of the defendant as against persons not a party to the suit.

* * * * * * * *
For a century or more the practice in this State had required that the past due payments of alimony or maintenance be established by a formal order or decree of the court as past due and owing, and when that was done such decree could be docketed and a lien established in accordance with the provisions of the statute above mentioned. Cf. Van Buskirk v. Mulock, 18 N.J.L. 184, 185 (Sup. Ct. 1840); Savoie v. Savoie, 26 N.J. Misc. 67 (Ch. 1947).

* * * * * * * *
Further, as a matter of practice a judgment for past due alimony is a final resort in most cases. Enforcement of an order for alimony and maintenance past due is usually by a proceeding in contempt, and other less drastic steps are taken before a judgment is entered upon which execution can be issued. But once a judgment or order is entered establishing a fixed sum of money due for past due payments of alimony and maintenance such judgment or order insofar as it adjudges money to be due from the defendant to the plaintiff resembles a judgment at law in the pecuniary obligations it imposes and makes them equivalent to such judgments in their effects under the statute. [23 N.J. at 469, 471-472]
See also, Norwood v. Norwood, 153 N.J. Super. 248, 250-251 (App. Div. 1977) (wife has right under statute to obtain a writ of execution on a money judgment based upon accumulated arrearages in support payments).
We recognize that neither Joseph Harris & Sons, Inc. v. Van Loan nor Norwood v. Norwood involved the precise issues that are before us. Defendant's primary contention here is that N.J.S.A. 2A:34-25 precludes entry of an order for a writ of execution on a judgment for past due alimony because of plaintiff's remarriage. Defendant contends that the literal language of the statute precludes entry of any order "as to the alimony of such wife" after the wife's remarriage:
*463 * * * except that upon application of the former husband * * * the court shall modify any order or judgment as to the alimony of the former wife by vacating and annulling any and all provisions in any such order or judgment, or both, directing the payment of money for the support of the former wife." [N.J.S.A. 2A:34-25]
We do not agree with appellant's literal reading of N.J.S.A. 2A:34-25. The statute speaks of orders and judgments "directing the payment of money for the support of the former wife." The judgments on which execution were sought are money judgments, judgments for money owed, not judgments ordering the payment of alimony. Once arrearages for alimony and support are reduced to judgment, the judgment has the same finality as other money judgments, and relief from such judgments is controlled by R. 4:50-1. See Paramore v. Paramore, 32 N.J. Super. 491, 494 (App. Div. 1954), where the court considered the finality of a Pennsylvania judgment for arrearages and said:
However, we are not dealing with arrearages, as such any longer. The court of origin of the support order exercised its discretion under the statute referred to and entered judgment. In that proceeding a binding reduction or cancellation might have been ordered; but that was not done. Instead the court by its action transformed the arrearages into an ordinary judgment debt. The matter then became res judicata and any subsequent proceeding would concern itself with a judgment and not an order for support. Such a judgment has the requisite finality to require full faith and credit in this State. Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, 157 A.L.R. 163; Annotation, Id., p. 181; Annotation, 6 A.L.R. 1311; Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946), rehearing denied, 328 U.S. 876, 66 S.Ct. 975, 90 L.Ed. 635 (1946); Savoie v. Savoie, 26 N.J. Misc. 67 (Ch. 1947). [at 494]
See also, Salmeri v. Salmeri, 554 P.2d 1244 (1976). Based upon its view of New Jersey law, the Wyoming Supreme Court held that, except for defects in the proceedings, New Jersey judgments for support arrearages could not be modified and were entitled to full faith and credit.
*464 It has long been the law of this State that a judgment for arrearages is not rendered unenforceable by reason of the wife's remarriage. N.J.S.A. 2:50-38, the predecessor of N.J.S.A. 2A:34-25, was so interpreted in Savoie v. Savoie, supra, in 1948, and N.J.S.A. 2A:34-25 reenacted N.J.S.A. 2:50-38 without change in substance. But this holding does not deprive N.J.S.A. 2A:34-25 of all effect. After the remarriage of a former wife, N.J.S.A. 2A:34-25 would prevent that spouse from recovering arrearages that accrued prior to her remarriage which had not been reduced to judgment previously. Madden v. Madden, supra; Stein v. Fellerman, 144 N.J. Super. 444, 451-452 (App. Div. 1976), certif. den. 73 N.J. 50 (1977).
While seeking to apply N.J.S.A. 2A:34-25 as a bar to execution on the judgments, defendant also sought relief on purely equitable grounds. He contends that the policy behind N.J.S.A. 2A:34-25 should be applied whether or not the arrearages were reduced to judgment, and that plaintiff's remarriage is a change in circumstances in either event. He seeks relief from the judgments for arrearages in child support, contending that his son is in his mid-twenties and has estranged himself from his father socially. Lastly, defendant argues that he is not financially capable of satisfying the judgments.
We recognize that circumstances may justify granting relief from money judgments in a given case pursuant to R. 4:50-1. See Palko v. Palko, 73 N.J. 395 (1977), rev'g 150 N.J. Super. 255 (App. Div. 1976). The trial judge denied relief here, however, saying that defendant should have presented his defenses and claims for equitable relief at the time motions adjudicating the arrearages were heard. The judgments in this case were filed in June and October 1972 and in April, June and December 1973. (See note 1, above, indicating that the last judgment was based in November 1973.) Defendant's motions for relief from the judgments were made in September 1976 and in January *465 1977. Both of these motions were considered and denied at the same time, and this appeal is from that denial.[3]
We agree with the trial judge's conclusion that defendant's motions for relief on equitable grounds were untimely in a sense. See R. 4:50-2. Moreover, defendant was unsuccessful in his attack upon the settlement agreement which formed the basis for the judgments in this case. Defendant should have pressed his equitable defenses on plaintiff's applications to fix the arrearages. If dissatisfied with the outcome, he could have appealed. Finality is a desirable attribute of judgments, and litigation should dispose of all issues between the same parties at the same time, if possible. Although plaintiff's remarriage was a new development in this case, remarriage is an event to be contemplated in making support and property settlements. Thus, we agree with the trial judge's conclusion that the judgments should not be reopened and vacated at this time on the grounds urged by defendant.
Affirmed. Since this was an interlocutory appeal, we remand the case to the trial court for those issues that are still unresolved.
NOTES
[1] We note that the last order was entered in December 1973, but it was based upon an adjudication made before plaintiff's remarriage. In these circumstances the formal entry of a written order constituting a judgment pursuant to N.J.S.A. 2A:16-18 is not precluded, in our opinion, by the provisions of N.J.S.A. 2A:34-25.
[2] In May 1972 the Supreme Court granted defendant's motion for leave to appeal solely as to "performance of the contract between the parties during the pendency of the litigation." The court ordered:

* * * With respect to that subject, the matter is remanded to the trial court with directions to fix the amount of the arrearages under the said contract and to enforce the payment of such arrearages and to order that the said contract be performed by the defendant husband during the pendency of the litigation.
[2a] At that time, defendant was not represented by his present attorney.
[3] The record before us contains an affidavit made by plaintiff in September 1976 stating that defendant's current cross-motion is identical to his cross-motion of January 1975. Still, this was more than a year after the last judgment was entered. See R. 4:50-2. We cannot tell from the record before us whether the ruling against defendant's attack upon the separation agreement would be res judicata as to contentions later advanced in an effort to set aside the judgments and bar execution upon them. But defendant's later efforts seem tardy and may be duplicative to some extent.