ROSITA BAUZA, PLAINTIFF-RESPONDENT, v. DEMETRIO BAUZA, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March. 19, 1985—Decided May 31, 1985.

Before Judges PRESSLER, BRODY and COHEN.

*Manuel J. Garcia,* for appellant.

*Giordano & La Salle,* for respondent (*Dominick Giordano,* on the brief).

The opinion of the court was delivered by

RICHARD S. COHEN, J.A.D.

█ This is a suit for divorce. Counsel for plaintiff Rosita Bauza filed an abstract of judgment in 1976 and another in 1984 purporting to show balances owed by defendant Demetrio Bauza on various orders requiring him to pay attorney's fees.[1] Defendant moved for an order vacating the two abstracts of judgment. With plaintiff's consent, the court ordered vacation of the 1976 abstract by reason of payments made on the orders reflected in it. It denied the motion, however, to cancel the 1984 abstract. It held that laches did not bar collection of the fees and that interest was properly charged. As a result, it concluded that defendant had not satisfied the orders reflected in the 1984 abstract and was not entitled to have the abstract vacated. Substantially for the reasons orally expressed by Judge Kestin on the record on May 4, 1984, we now affirm.

But that, unfortunately, does not end the matter. We can not help noticing that, for reasons the parties did not present to Judge Kestin, the claim against defendant is incorrectly calculated. According to the accounting presented by plaintiff's counsel to demonstrate the amount owed, an order for payment of $424.74 was entered on April 7, 1975. We notice, from the judgment of divorce entered on September 22, 1975, that the court awarded a counsel fee of $1500 plus disbursements. The accounting shows a new debit, dated September 1975, of $1848.25, which we assume is the $1500 fee plus $348.25 in disbursements. The two fee awards are then cumulated and carried forward, less credit for a payment against them.

█ The accounting is wrong in this respect. The *pendente lite* award may not be added to the award made in the judg-

---

[1] The practice of filing abstracts of Chancery Division judgments and orders for the payment of money for the purpose of creating liens on real property has largely been obviated by the amendments, effective in July 1982, to *N.J.S.A.* 2A:16–11. Now Law and Chancery Division judgments for the payment of money both act as liens on real estate.

ment of divorce and does not separately survive. This is so for two reasons. The first is that *pendente lite* awards for attorney's fees merge in the final judgment unless expressly preserved in it. *See Wilson v. Wilson*, 99 *N.J.Super.* 427 (Ch.Div. 1968); *Lief v. Lief*, 14 *N.J.Misc.* 27 (Chan.1935). The second is the language of this particular judgment. It orders the payment of a counsel fee of $1500 plus disbursements and then goes on to give defendant credit against that sum for any payments already made for counsel fees and costs. If the judgment contemplated survival of a separate obligation for the *pendente lite* fee order, it would not have credited him with the payments he made against the earlier order. The problem does not affect the many counsel fee orders made by the court after final judgment and reflected in the 1984 abstract of judgment.

Defendant is entitled to a recalculation, not only of the principal amount of his debt, but also of the interest charged over the years against the excess. We will order proceedings in the trial court suitable to that end.

The judgment of the trial court is affirmed. The matter is remanded, and counsel for plaintiff will present to defendant and the court within 30 days hereof a new accounting consistent with this opinion. After such proceedings as may be necessary to determine the correct amount, the court will order amendment of the 1984 abstract of judgment to reflect the correct amount of defendant's obligation. We do not retain jurisdiction.