CARMEN KULOSZEWSKI, PLAINTIFF, v. JOSEPH KULOSZEWSKI, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Bergen County

Decided April 11, 1989.

*John K. Medford, R.M. James Ruscick,* for plaintiff.

*Jon J. Auty, Breslin, Auty & Preziosi,* for defendant.

KRAFTE, J.S.C.

Does a judgment entered for *pendente lite* counsel fees survive a subsequent final judgment of divorce that states each party is responsible for his or her own fees? This court finds that it does.

During the course of this matrimonal litigation, plaintiff-wife was awarded counsel fees in court orders dated November 18, 1986 and December 17, 1986 which were for $750.00 and $200.00 respectively. Having subsequently resolved all issues, the parties placed a property settlement agreement on the record on August 26, 1987 and a Dual Judgment for Divorce, which incorporated the transcript of the agreement, was entered on February 1, 1988. The agreement stated that each party would be responsible for his or her own counsel fees.

On the day plaintiff was to purchase defendant's interest in the marital residence, plaintiff's counsel raised the existence of two judgments against the defendant in the amount of $950.00. The sum of $900.00 was placed in escrow, title to the premises was conveyed and defendant subsequently filed a post-judgment motion seeking release and return of the escrowed monies. He states that the judgment of divorce, having been entered into last, must be followed and that the *pendente lite* orders merged into the final judgment, therefore, each is responsible for his or her own counsel fees.

Defendant does not allege any procedural defects in the fee judgments or the manner in which they were recorded. Plain-

tiff argues that the awards of counsel fees were preserved by judgment and exist independent of the divorce decree.

This court looks first to *N.J.S.A.* 2A:16–18 which as amended in January and July of 1982 states:

"[E]very judgment, or order for the payment of money, entered in the Superior Court, Chancery Division,.... shall have the force, operation and effect of a judgment of the Superior Court Law Division and execution may issue thereon as in other cases."

Furthermore, *N.J.S.A.* 2A:16–11 as amended on August 8, 1983, provides for the automatic entry of such judgments and orders by the Clerk of the Superior Court without a request, including judgments or orders to pay counsel fees. Additionally, the Senate Judiciary Statement regarding the July amendments to *N.J.S.A.* 2A:16–11 sets forth that "a Chancery Division judgment may automatically act as a lien on real property provided the judgment has been reduced to a fixed dollar amount." Thus the amendments significantly altered the prior requirement, placed upon the prevailing party in a Chancery Division action to specifically request a docketing.

Pursuant to the aforementioned statute, the force of a judgment is the same whether or not it was entered in the Law or Chancery Division. Additionally, entry of a judgment "establishes an indisputable obligation and confers upon the successful party the right to issue execution or other process of the court for its enforcement." *Biddle v. Biddle*, 150 *N.J.Super.* 185, 191 (Ch.Div.1977). Specific to the creditor attorney's request for enforcement of a judgment for counsel fees through a motion in aid of litigant's rights, the *Biddle* court stated that without such enforcement some litigants "would have difficulty obtaining private attorneys to represent them in matrimonial actions if unnecessary roadblocks are placed between these attorneys and the recovery of their fees." *Id.* at 193. Thus while affirming the enforceability of a judgment, the *Biddle* opinion does not inform the reader of other factors, i.e. whether the judgment was entered pre or post judgment and the language of the divorce decree, if any, pertaining to counsel fees.

The Appellate Division, in another matter, considered support arrears that were reduced to judgment and affirmed the court's appointment of a sequestrator to sell defendant's property in execution of said judgments. See *Winter v. Winter* 162 *N.J. Super.* 456 (App.Div.1978). The Appellate Division noted in *Winter,* at 463, that "[O]nce arrearages for alimony and support are reduced to judgment, the judgment has the same finality as other money judgments and relief from such judgments is controlled by *Rule* 4:50–1." This dove-tails with the judgments currently at issue before this court as they are "such other money judgments:, and thus, their longevity is reaffirmed by the *Winter* holding. This court notes that *Rule* 4:50–1 provides for relief from a judgment or order at the court's discretion. Defendant has not sought relief pursuant to said rule. Furthermore, since $900.00 of the proceeds from the sale of the marital residence has already been placed in escrow, defendant's ability to satisfy said amount has not been placed in question and this court finds as fact that he has the ability to pay.

Awards of counsel fees, granted pre and post judgment, were the subject of discussion in *Bauza v. Bauza,* 201 *N.J.Super.* 540 (App.Div.1985). Plaintiff's counsel had received fee awards and, pursuant to the prior statutory requirements, filed two Abstracts of Judgment, one on November 4, 1976 and one on March 16, 1984. Defendant moved and plaintiff consented to a court ordered vacation of the former. The Appellate Division confirmed the trial court's findings that defendant had not satisfied the ordered amounts contained in the 1984 abstract and was hence not entitled to vacation of same. Of significance is the court's reference to an *award* of fees, as distinguished from a judgment or abstract for same.

The *Bauza* decision cites *Wilson v. Wilson,* 99 *N.J.Super.* 427 (Ch.Div.1968) on the issue of preservation of *pendente lite* counsel fee awards. In *Wilson,* plaintiff received such an award which she sought to preserve, yet wanted to dismiss the divorce complaint because the couple had reconciled. *Wilson*

held the *"pendente lite* order dies in all regards when a judgment *nisi* is entered" unless specifically reserved. *Id.* at 429. An abstract of judgment had not been entered. Therefore, *Bauza's* reliance on *Wilson* appears limited to those counsel fee

awards that were not reduced to judgment and hence preserved.

The *Bauza* court allowed enforcement of *pendente lite* counsel fee awards which were reduced to judgment and merged mere awards, i.e. those not reduced to judgment or otherwise preserved, with the final judgment of divorce. Such a reading is consistent with the aforementioned decisions, statutory intention and equitable principles.

This court reaffirms its earlier finding that defendant possesses the financial ability to satisfy the judgment for counsel fees. Furthermore, defendant has been on notice for the past two years that judgments, in the aggregate amount of $950.00 were outstanding against him. No action was taken by him pursuant to *R.* 4:50–1. This court holds that the judgments for counsel fees survived the Dual Judgment for Divorce and have existed separate and apart from said divorce decree. Defendant shall satisfy the judgments forthwith.

Defendant's counsel shall submit an order in accordance with this decision.