NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2443-15T4

SARAH ABED,

 Plaintiff-Respondent,

v.

ROBERT FARAG

 Defendant-Appellant.

 Argued June 1, 2017 – Decided June 28, 2017

 Before Judges Fuentes, Carroll and Farrington.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part,
 Somerset County, Docket No. FM-18-922-14.

 Robert Farag, appellant, argued the cause pro
 se.

 Ihab Awad Ibrahim argued the cause for
 respondent (Ibrahim Law Firm, attorneys;
 Thomas Kim, on the brief).

PER CURIAM

 The parties were married in 2007 and have twin children who

were born in 2011. Plaintiff filed a complaint for divorce in May

2014. On March 23, 2015, the parties placed an oral settlement
agreement on the record that was thereafter incorporated into an

amended final dual judgment of divorce (JOD) entered on May 11,

2015. The record reflects that the parties appeared in court with

counsel on May 11, 2015, reviewed an audio recording of certain

portions of the March 23, 2015 oral settlement that were in

dispute, and then signed and affixed their consent to the JOD.

 Approximately two weeks later, on May 29, 2015, defendant

moved for reconsideration. Specifically, defendant sought: (1)

reconsideration of the JOD due to plaintiff's alleged

misrepresentation concerning an inheritance fund left by

defendant's mother for the children's future college education;

(2) enforcement of an August 29, 2014 pendente lite order regarding

allocation of the parties' Mercedes automobile; (3) enforcement

of the August 29, 2014 order concerning the allocation of certain

personal items, including jewelry and photographs; and (4) a

paternity test. Plaintiff opposed the motion and cross-moved to

enforce various provisions of the JOD.1

 On July 13, 2015, Judge Margaret Goodzeit issued an order

denying defendant's motion and granting most of the relief sought

by plaintiff. Pertinent to this appeal, in her detailed eleven-

1
 Plaintiff's cross-motion is not included in either party's
appendix. Rather, the reliefs sought by plaintiff are gleaned
from the trial court's July 10, 2015 order and attached statement
of reasons.

 2 A-2443-15T4
page statement of reasons, the judge explained:

 The parties' [JOD] provides: "The parties
 will establish college funds for their
 children utilizing $150,000 from plaintiff's
 Magyar Bank account."

 As the parties agreed to the [JOD], the
 [c]ourt cannot "reconsider" same. The parties
 "reached an agreement that was spread upon the
 record in open [c]ourt," and the [c]ourt
 approved of same. The parties later reduced
 their oral settlement to writing and signed
 the [JOD]. Same provides: "[t]he parties
 affirm by their signature below their consent
 to this Order." Further, the [c]ourt does not
 find that defendant has demonstrated that the
 [c]ourt should vacate the portion of the
 parties' [JOD] regarding the children's
 college account. Defendant does not provide
 any proof showing that "plaintiff arbitrarily
 altered the inheritance monies." Further,
 defendant does not provide any proof showing
 that "plaintiff's counsel misrepresented the
 inheritance monies left by defendant's late
 mother as $150,000." If defendant believed
 that such amount was incorrect, defendant was
 able to correct plaintiff's counsel prior to
 signing [] the [JOD]. Indeed, defendant
 provides a letter from his prior counsel dated
 April 8, 2015, prior to the date the parties
 signed the [JOD], stating that the amount of
 the inheritance monies was not $150,000 but
 $180,000. Notwithstanding same, on May 11,
 2015, defendant signed the [JOD], agreeing to
 establish college funds for the children in
 the amount of $150,000. Both parties were
 represented by counsel at the time of the
 parties' divorce, and such counsel advised the
 parties as to their respective rights and
 obligations.

 Accordingly, the [c]ourt does not find
 that it is appropriate to "reconsider" or
 vacate the parties' [JOD], and defendant's

 3 A-2443-15T4
 request for an Order reconsidering the
 parties' [JOD] is DENIED. Plaintiff's request
 for an Order enforcing all terms of the
 parties' [JOD] is GRANTED.

 Next, the judge noted that defendant relied on the August 19,

2014 pendente lite order in support of his argument that plaintiff

should reimburse him fifty percent of the value of the Mercedes.

Citing Bauza v. Bauza, 201 N.J. Super. 540, 543 (App. Div. 1985),

the judge found that the JOD extinguished any pendente lite

obligations that were not expressly preserved in it. Here, the

JOD did not direct plaintiff to reimburse defendant fifty percent

of the value of the vehicle, and accordingly the judge denied

defendant's request to enforce the August 19, 2014 order. For

similar reasons, the judge "[did] not find that plaintiff's

obligation to turn over to defendant the jewelry defendant

inherited from his mother was preserved in the parties' [JOD]."

Rather, the parties agreed in the JOD to submit their jewelry

dispute to binding arbitration. Finally, the judge found

defendant's belated request for DNA testing "disingenuous" and

devoid of merit.

 Defendant now appeals the JOD and the July 13, 2015 order.

Specifically, he argues that the trial court erred: in not

confirming the accuracy of the inheritance monies and an accounting

stated on the record by plaintiff's counsel; in not addressing

 4 A-2443-15T4
alleged errors in plaintiff's Case Information Statement and her

failure to disclose two alleged secret bank accounts; in ordering

the payment of child care expenses and awarding plaintiff

attorney's fees; in not confirming the accuracy of defendant's

religious holidays in the parenting time schedule; and in

previously entering a final restraining order (FRO) against

defendant absent evidence of harm to plaintiff and her father.

 We begin by stating the well-known principles that inform our

review. We owe substantial deference to the Family Part's findings

of fact because of that court's special expertise in family

matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus,

"[a] reviewing court should uphold the factual findings

undergirding the trial court's decision if they are supported by

adequate, substantial and credible evidence on the record."

MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (quoting N.J.

Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007))

(alteration in original). And, while we owe no special deference

to the judge's legal conclusions, Manalapan Realty v. Manalapan

Twp. Comm., 140 N.J. 366, 378 (1995), "we 'should not disturb the

factual findings and legal conclusions of the trial judge unless

. . . convinced that they are so manifestly unsupported by or

inconsistent with the competent, relevant and reasonably credible

evidence as to offend the interests of justice' or when we

 5 A-2443-15T4
determine the court has palpably abused its discretion." Parish

v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare,

supra, 154 N.J. at 412). "We reverse only to 'ensure that there

is not a denial of justice' because the family court's 'conclusions

are [] "clearly mistaken" or "wide of the mark."'" Id. at 48

(quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88,

104 (2008)) (alteration in original).

 We are also mindful of the high value our courts place on the

settlement of disputes, particularly those involving family

matters. Slawinski v. Nicholas, 448 N.J. Super. 25, 32 (App. Div.

2016). We apply contract principles to a settlement agreement,

even in the family area, and shall not make a better agreement

than the parties made for themselves. See Quinn v. Quinn, 225

N.J. 34, 45-47 (2016). As in other contexts involving contracts,

a court must enforce a matrimonial agreement as the parties

intended, so long as it is not inequitable to do so. Quinn, supra,

225 N.J. at 45 (citing Pacifico v. Pacifico, 190 N.J. 258, 265-66

(2007)).

 Finally, a trial court's order on a motion for reconsideration

will not be set aside unless shown to be a mistaken exercise of

discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App.

Div. 2016) (citing Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462

(App. Div.), certif. denied, 174 N.J. 544 (2002)), certif. denied,

 6 A-2443-15T4
___ N.J. (2017). Reconsideration should only be granted in

those cases in which the court had based its decision "upon a

palpably incorrect or irrational basis," or did not "consider, or

failed to appreciate the significance of probative, competent

evidence." Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super.

392, 401 (Ch. Div. 1990)).

 We conclude that Judge Goodzeit's decision to deny

defendant's motion for reconsideration and enforce the JOD is

supported by the record and consistent with applicable legal

principles. We find no merit in defendant's arguments to warrant

further discussion in a written opinion, R. 2:11-3(e)(1)(E), and

affirm substantially for the reasons expressed by the judge in her

thoughtful written decision. Additionally, we note that

defendant's brief is largely incoherent and substantially bereft

of any controlling legal authority. See 700 Highway 33 LLC v.

Pollio, 421 N.J. Super. 231, 238 (App. Div. 2011) (noting the

requirement that parties make "an adequate legal argument" in

support of their claims). Moreover, to the extent defendant

attempts to raise new issues that were not the subject of the JOD

or the parties' post-judgment motions, we decline to address them

for the first time on appeal. See Nieder v. Royal Indem. Ins.

Co., 62 N.J. 229, 234 (1973).

 Affirmed.

 7 A-2443-15T4