236 N.J. Super. 49 (1989)
563 A.2d 1164
ESTHER PRIKRIL, PLAINTIFF,
v.
MICHAEL PRIKRIL, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Middlesex County.
Decided July 7, 1989.
*50 Jamie K. Von Ellen, for plaintiff.
Charlotte A. Engleman, for defendant.
BERMAN, J.S.C.
This court is called upon to analyze the interface of the decisional law, R. 4:50 (affording relief from a judgment or order), and the recent statutory enactment, N.J.S.A. 2A:17-56.23a which states:
Order or portion of order for child support; enforcement and entitlement to full faith and credit; prohibition of retroactive modification; exception
Any payment or installment of an order for child support, or whose portions of an order which are allocated for child support, whether ordered in this State or in another state, shall be fully entitled to full faith and credit and shall be a judgment by operation of law on and after the date it is due. No payment or installment of an order for child support, or those portions of an order which are allocated for child support, shall be retroactively modified by the court except for the period during which the party seeking relief has pending an application for modification, but only from the date of mailing the notice of motion to the court or from the appropriate agent. The written notice will state that a change of circumstances has occurred and a motion for modification of the order will be filed within 45 days. In the event a motion is not filed within the 45 day period, modification shall be permitted only from the date the motion is filed with the court. [Emphasis supplied]
The facts in this case are equally brief, undisputed, and hereafter set forth to permit full comprehension of the issue this court must decide.
The parties were divorced on May 9, 1988 and plaintiff received custody of the three children born of the marriage, and among other economic relief, $1,300 monthly for the "unallocated support" of the children.
In August 1988, the second child (Michael) went to live with defendant, which change in custody was never formalized by court order, but which clearly had plaintiff's acquiescence. Defendant also reduced the monthly support payment to $919 (the carrying charges on the house in which plaintiff and other two children continued to live); plaintiff accepted the reduced payments and for some ten months the parties lived with this arrangement. Defendant then moved before this court in June *51 1989, to modify his support obligation; plaintiff cross-moved to fix arrears for all children (for the difference between $1,300 and $919 for ten months) including the child whose custody was transferred.
Plaintiff respectfully contends that this court is statutorily prohibited from retroactively modifying the child support order, and that any declination to fix the "arrears" and order payment by this court would fly in the face of the above cited legislative pronouncement.
For the reasons hereafter expressed, this court rejects the position advanced by plaintiff, since common sense and patent equity mandate otherwise; but more important, this court does not find itself in the role of modifying any viable order at all.
First, the decisional law correctly and clearly dictates that a change of custody abrogates child support. DiTolvo v. DiTolvo, 131 N.J. Super. 72, 77 (App.Div. 1974). Compelling defendant to provide support to plaintiff would be a "double loss": plaintiff would be the beneficiary of funds to which she is not entitled; defendant would be deprived of funds to which he clearly needs to support a child in his custody (with plaintiff's consent).
Second, R. 4:50 allows relief from a final judgment or order for reasons of "mistake, inadvertence, excusable neglect ... the judgment or order is void ... the judgment or order has been satisfied." Irrefutably, defendant's obligation has been "discharged" as a "matter of law," by the prior change of custody; and had the application been made to formalize that status when he assumed custody, it would clearly have been granted. To deny the relief now would be an improper elevation of form over substance.
Finally, and perhaps most important, this court (of equity) remains mindful of what was articulated many years ago by the eminent jurist, Judge Learned Hand: "There is no surer way to misread any document than to read it literally." Guiseppi v. Walling, 144 F.2d 608, 624 (2 Cir.1944). While this court is *52 construing a statute as opposed to a document, the proposition loses none of its vitality. It has been stated: "If a literal construction of the words of a statute be absurd, the act must be so construed as to avoid the absurdity." State v. Clark, 29 N.J.L. 96, 99 (Sup.Ct. 1860).
In conclusion, this court does not envision that it is modifying retroactively a continuing child support order. Since the obligation expired as a matter of law, there was, and is, nothing to modify  retroactively or otherwise. "Equity deems that to be done which ought to be done," and this court is simply doing what is both equitable and obvious: declining to honor "arrears" for a child not in custody of the parent who obtained the child support order. To do otherwise unjustly enriches one; unjustly "de-enriches" one, and emasculates justice in the process.
Counsel for defendant shall submit the appropriate order.