237 N.J. Super. 29 (1989)
566 A.2d 835
GEORGIANA FARMILETTE, PLAINTIFF,
v.
MARC FARMILETTE, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided August 9, 1989.
Charles F. Ryan, for plaintiff.
Paul F. Harkins, for defendant.
KRAFTE, J.S.C.
Within our system of checks and balances, the Legislature creates and the judiciary must enforce. These tasks often *30 become difficult, at which times the judiciary must be guided by established principles of statutory interpretation. Defendant, Marc Farmilette, has presented this court with such a situation in a post-judgment motion for modification of his unallocated support obligation. Plaintiff, Georgiana Farmilette, opposes.
The parties were divorced on April 18, 1986. On May 12, 1988, defendant was ordered to continue payment of $285 a week as support for plaintiff and their two children, payable through the Passaic County Probation Department. As a result of an enforcement hearing brought by the Passaic County Probation Department in December 1988, defendant was ordered to make a lump-sum payment of $5000 toward total accrued arrearages, which were approximately $6613 as of December 13, 1988. Payment was subsequently held in abeyance pending the outcome of the written motion brought in Bergen County. Judgment regarding arrears was not entered.
Marc Farmilette postures his entitlement to modification on a reduction in his income, emancipation of the parties' oldest child and a change in residency of the youngest child from plaintiff to defendant. Before this court can determine whether such changes of circumstance warrant a reduction, the issue of this court's authority to do so must be resolved.
The Legislature enacted N.J.S.A. 2A:17-56.23a specifically concerning child support and enforcement. The statute, effective November 21, 1988, states in part: "[N]o payment or installment of an order for child support ... shall be retroactively modified by the court except for the period during which the party seeking relief has pending an application for modification...." The support at issue is unallocated, used to meet the needs of the children and the former spouse. The language of the statute is clear. It unambiguously applies to "an order for child support."
This court will not rush to conclude that the legislators intended to include that which is not expressed in the statute. If a remedy is necessary, it must come from the Legislature *31 and not the judiciary. "[I]f the intention of the Legislature is apparent from the words used; i.e., the plain meaning of the statute involved, then the statute is not open to construction or interpretation" and this court will not be so presumptuous as to assume the legislators had in mind unallocated support orders which clearly are not included within the statute. Matter of Sussex County Mun. Utilities Authority, 198 N.J. Super. 214, 216 (App.Div. 1985). This court holds that the unallocated support order is modifiable provided defendant meets the change of circumstances standard as set forth in Lepis v. Lepis, 83 N.J. 139 (1980).
Plaintiff and defendant both agree that one child became emancipated in June 1988 and the other began full-time residency with defendant during the same month. Conversely, if an allocated support order was at issue, the statute's plain language would preclude the courts from modifying the order beyond the date of the payee's application. In such a case, if defendant had not sought modification for one year post emancipation, plaintiff would have received a windfall. However, this need not be determined definitively under the facts presented between the Farmilettes.
Having determined that the unallocated support order is modifiable, this court will review the parties' submissions to determine if, and to what extent, any modification is warranted.