280 N.J. Super. 8 (1995)
654 A.2d 474
PATRICK MALLAMO, PLAINTIFF-RESPONDENT,
v.
DOREEN MALLAMO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 24, 1994.
Decided February 27, 1995.
*9 Before Judges HAVEY, BROCHIN and CUFF.
Cullen & Pallazo, attorneys for appellant (Diane Ault Cullen, on the brief).
No brief was filed on behalf of respondent.
The opinion of the court was delivered by CUFF, J.S.C. (temporarily assigned).
This is a matrimonial matter. Defendant Doreen Mallamo appeals from two provisions of the Judgment of Divorce. One provision allows her former husband, plaintiff Patrick Mallamo, unsupervised visitation with both children born of the marriage. The other provision requires us to decide whether a child support award established after a trial, but made effective as of the first day of trial, contravenes N.J.S.A. 2A:17-56.23a. We hold that it does not and affirm.
Plaintiff filed a complaint seeking a divorce on the grounds of extreme cruelty on June 29, 1991. Two children were born of the marriage; a daughter age, 11 and a son, age 9. Defendant sought a provision in the judgment of divorce that the children would not be separated during visitation with plaintiff. The Judgment of Divorce, entered on July 23, 1993, does not contain this provision. Rather it provides that plaintiff shall have unsupervised visitation with the children pursuant to a schedule set forth in the Judgment. *10 We affirm Judge Zampino's order concerning visitation on the basis of his February 3, 1993 letter opinion.
The central issue on appeal concerns an oral modification of the child support award after the second day of trial and Judge Zampino's confirmation of the reduction in his final decision. Defendant argues that this constitutes a retroactive modification of child support contrary to N.J.S.A. 2A:17-56.23a.
Pursuant to various pendente lite support orders, plaintiff had been ordered to pay $175 per week in child support. He had also been ordered to pay $50 per week in alimony. The initial order entered on August 1, 1991, provided the following language, "Either party may seek reconsideration of the $225 per week but the motion seeking reconsideration must be filed within 30 days of July 3, 1991."
Support arrears began to accrue. By order dated November 22, 1991, Judge Zampino denied plaintiff's motion for a decrease in alimony and child support. He also set arrears as of September 27, 1991 at $1,900. Plaintiff was to pay $750 on the arrears by October 7, 1991 or appear before the court. There is nothing before us to determine whether plaintiff paid the $750 or whether he appeared before Judge Zampino. However, on February 28, 1992, another order was entered which fixed support arrears at $2,050 as of October 25, 1991 and entered a judgment in favor of defendant and against plaintiff in that amount. The order also provided that the $225 weekly support was not reduced; on the other hand, payment of $150 per week would forestall further enforcement proceedings including the issuance of a bench warrant. Thereafter, by order dated March 3, 1992, arrears were set at $5,350 as of February 28, 1992 and reduced to judgment. Finally, although no order was entered at the conclusion of the second day of trial, Judge Zampino orally instructed plaintiff to pay $100 per week child support.
In his February 5, 1993 letter opinion, Judge Zampino found that plaintiff earned $30,000 in 1990, $12,900 in 1991, $2,000-3,000 in 1992, and at the time of the decision, approximately $14,000 *11 (composed of the value of the $550 monthly apartment rent and wages of $142 per week from the Star Ledger). Judge Zampino also found that he had started a "wedding showcase" from which he hoped to obtain income by June 1993. Based on this income, Judge Zampino concluded that plaintiff should continue to pay $100 per week as child support, with an increase to $175 effective July 1, 1993. He further found no basis to award alimony. As to arrears, Judge Zampino wrote:
[T]he Court does not agree that the statute [N.J.S.A. 2A:17-56.23a] prohibits modification of the arrears under a Pendente Lite Order. At the time of Final Judgment, the Court commonly enters orders, retroactive to the date of Pendente Lite relief, upward or downward, based on the proofs presented at trial. Only at the end of the trial can the Court verify the incomes alleged, at the time the temporary order was entered. This reduction is based upon the period of employment and reduced earnings of the husband.
Accordingly, Judge Zampino reduced the pendente lite arrears to $5,200 payable $50 per week effective January 1, 1994. The Final Judgment of Divorce filed on July 23, 1993 provides that child support is reduced from $175 to $100 per week effective October 14, 1992, the first day of trial.
On appeal, defendant argues that the court's oral modification of child support during the trial without benefit of a motion for modification which was continued in his February 5, 1993 letter opinion and memorialized in the Judgment of Divorce, violates the prohibition of retroactive modification of child support set forth in N.J.S.A. 2A:17-56.23a.[1]
Significantly, defendant does not argue that $100 weekly child support is inappropriate. Nor could she. Pursuant to the child support guidelines, R. 5:6A, the initial pendente lite child support award of $175 required a net annual income of $26,000-$28,000. According to Judge Zampino's findings of fact, plaintiff never had net income in this range.
The State has long recognized the power of the judiciary to prevent irreparable harm and to preserve the status quo through *12 the device of awarding temporary financial support pending a full investigation of the case. Crowe v. Di Gioia, 90 N.J. 126, 132, 447 A.2d 173 (1982); Schiff v. Schiff, 116 N.J. Super. 546, 562, 283 A.2d 131 (App.Div. 1971), certif. denied, 60 N.J. 139, 286 A.2d 512 (1972). In matrimonial litigation, the Legislature has specifically authorized the award of temporary financial support pending the resolution of the action. N.J.S.A. 2A:34-23.
Matrimonial pendente lite support awards are established through the submission of affidavits or certifications and case information statements. Oral argument is likely to precede the entry of the order; in virtually all instances the pendente lite support order will be entered without a plenary hearing. R. 5:5-4(a). Schiff, supra, 116 N.J. Super. at 562, 283 A.2d 131.
The temporary nature of the pendente lite support order is illustrated by the general rule that provisions of a pendente lite order do not survive the entry of a judgment of divorce unless expressly preserved in it or reduced to judgment prior to entry of final judgment. Bauza v. Bauza, 201 N.J. Super. 540, 542-43, 493 A.2d 609 (App.Div. 1985) (pendente lite counsel fee award not expressly preserved merges in final judgment); Kuloszewski v. Kuloszewski, 235 N.J. Super. 399, 400, 562 A.2d 821 (Ch.Div. 1989) (pendente lite counsel fee reduced to judgment survives entry of final judgment of divorce). See also Lief v. Lief, 14 N.J. Misc. 27, 178 A. 762 (Ch. 1935); Wilson v. Wilson, 14 N.J. Misc. 33, 181 A. 257 (Ch. 1935).
Furthermore, pendente lite support orders are subject to modification prior to entry of final judgment, Schiff, supra, 116 N.J. Super. at 562-63, 283 A.2d 131, and at the time of entry of final judgment. Capodanno v. Capodanno, 58 N.J. 113, 120, 275 A.2d 441 (1971); Jacobitti v. Jacobitti, 263 N.J. Super. 608, 618, 623 A.2d 794 (App.Div. 1993), aff'd, 135 N.J. 571, 641 A.2d 535 (1994). In Jacobitti, the motion judge initially granted minimal pendente lite alimony. However, after the completion of the trial, the trial judge not only granted the defendant-wife alimony prospectively *13 but also increased her pendente lite alimony retroactively to the date the complaint was filed.
N.J.S.A. 2A:17-56.23a provides:
Any payment or installment of an order for child support, or those portions of an order which are allocated for child support, whether ordered in this State or in another state, shall be fully enforceable and entitled to full faith and credit and shall be a judgment by operation of law on and after the date it is due. No payment or installment of an order for child support, or those portions of an order which are allocated for child support established prior to or subsequent to the effective date of P.L. 1993, c. 45 (C. 2A:17-56.23a), shall be retroactively modified by the court except with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was mailed either directly or through the appropriate agent. The written notice will state that a change of circumstances has occurred and a motion for modification of the order will be filed within 45 days. In the event a motion is not filed within the 45 day period, modification shall be permitted only from the date the motion is filed with the court.
The non-modification provision of this section is intended to be curative and shall apply to all orders entered before, on and after the effective date of this act.
Recent legislative action concerning this statute confirms that it is to be liberally construed to cover all orders. In Ohlhoff v. Ohlhoff, 246 N.J. Super. 1, 10, 586 A.2d 839 (App.Div. 1991), this court held that the statute was to be applied prospectively; therefore, we ruled that it applied only to child support which became due after its effective date. In 1993, however, the Legislature amended the statute to provide that it would govern child support which became due before the effective date of the act.
Prior to the enactment of this statute, modification or extinguishment of child support arrears was addressed to the sound discretion of the court. See e.g. Mastropole v. Mastropole, 181 N.J. Super. 130, 141, 436 A.2d 955 (App.Div. 1981); Winter v. Winter, 162 N.J. Super. 456, 461, 393 A.2d 593 (App.Div. 1978); Tancredi v. Tancredi, 101 N.J. Super. 259, 261, 244 A.2d 139 (App.Div. 1968).
Now, however, the Legislature has imposed certain restraints on the exercise of that discretion. Originally enacted in 1988, N.J.S.A. 2A:17-56.23a is in response to a 1984 congressional initiative concerning the collection and enforcement of child support awards. In 1984, Congress passed the Child Support Enforcement *14 Amendments of 1984 (CSEA). 42 U.S.C.A. § 666(a)(b). At the risk of losing federal funding for programs such as the Aid to Families with Dependent Children (AFDC) and the Child Support Enforcement (Title IV-D) Program, states were required to implement certain procedures to assure compliance with child support orders. In 1986, CSEA was further amended to require states to prohibit the retroactive modification of child support orders. 42 U.S.C.A. § 666(a)(9)(C).
The 1986 CSEA amendments and the statutes enacted by the various states have been controversial. Many commentators have noted the dire financial consequences which could befall an obligor who fails to file a timely motion for modification. See e.g. J. Eric Smithburn, Removing Nonconforming Child Support Payments From the Shadow of the Rule Against Retroactive Modification: A Proposal For Judicial Discretion, 28 J.Fam.L. 43 (1989/1990); Aaron Bransky, An Unfortunate Change of Circumstances: Wisconsin Prohibits Retroactive Revision of Child Support Orders, 1988 Wis.L.Rev. 1123 (1988). However, despite the controversy, few cases have confronted the precise issue before this court. In New Jersey, each case which has interpreted N.J.S.A. 2A:17-56.23a has arisen in the context of applications to modify or extinguish arrears arising from final judgments. See Ohlhoff v. Ohlhoff, supra; Lanza v. Lanza, 268 N.J. Super. 603, 634 A.2d 152 (Ch.Div. 1993); Ryan v. Ryan, 246 N.J. Super. 376, 587 A.2d 682 (Ch.Div. 1990); Farmilette v. Farmilette, 237 N.J. Super. 29, 566 A.2d 835 (Ch.Div. 1989); Prikril v. Prikril, 236 N.J. Super. 49, 563 A.2d 1164 (Ch.Div. 1989); Harris v. Harris, 235 N.J. Super. 434, 563 A.2d 64 (Ch.Div. 1989). No New Jersey case has addressed whether a pendente lite award of child support may be modified retroactively after a full trial, and we have been able to locate only six cases from other jurisdictions which address this issue.
In Thompson v. Merritt, 192 Mich. App. 412, 481 N.W.2d 735 (1992), an interim order for child support was entered by the trial court in a paternity action which required the father to pay $200 weekly. The final judgment ordered the father to pay $125 weekly prospectively and retroactively modified the terms of the *15 interim order. The court reasoned that the retroactive modification of a temporary order was permissible for two reasons. First, the statute by its terms made no reference to interim orders, and court rules specifically provided for retroactive modification of interim orders provided the temporary order plainly noted that it was subject to modification. Id. 481 N.W.2d at 740. The court further noted:
What we are dealing with is an emergency situation where a decision on support must be made before the parties are given any opportunity to present their proofs. This differs significantly from an order of support that is part of a judgment or an order that is entered later in the proceedings after the parties have had a chance to present evidence on the issue. On the basis of these considerations, we can only conclude that the type of interim order entered here is not subject to the statutory proscription.
[Ibid.]
See also Proudfit v. O'Neal, 193 Mich. App. 608, 484 N.W.2d 746, 747 (1992) (citing Thompson with approval); Sikes v. Sikes, 330 N.C. 595, 411 S.E.2d 588, 590 (1992) (statute barring retroactive modification of child support does not preclude retroactive increase of child support).
Conversely, in Whitehead v. Whitehead, 836 P.2d 814 (Utah App. 1992), a Utah appellate court determined that a temporary child support order was not retroactively modifiable. The court based its decision on a Utah statute which provided that once any form of child support became due, it developed the same attributes as a judgment. Accordingly, the child support lost its interim nature and was not retroactively modifiable. Id. at 816.
In Karpuleon v. Karpuleon, 881 P.2d 318 (Alaska 1994), the court addressed the impact of an Alaska rule which prohibited retroactive modification of child support arrears on interspousal agreements. The children of the parents in Karpuleon were teenagers, and the parents had sought to anticipate the possible change of custody of one or both children during their late teenage years. In Karpuleon, the court noted that the sole issue before it was whether a self-executing agreement for future shifting of child support payments should be given legal effect in the face of the Alaska statute prohibiting retroactive modification of child support arrearages. The court held that such agreements would be *16 recognized. In reaching its decision, the court emphasized that the court was merely upholding the written agreement of the parties and intimated that the decision may have been different if the agreement had not been reduced to writing. Id. at 321.
In Reuter v. Reuter, 102 Md. App. 212, 649 A.2d 24 (1994), the Maryland Court of Special Appeals held that child support arrears from a pendente lite order could not be modified. The court relied on the Maryland statute enacted in response to the federal mandate which provided that a final or pendente lite child support order could be modified only prospectively and only on the filing of a motion showing a material change of circumstances. Id. 649 A.2d at 38. The court recognized that a pendente lite order may be "modified" after a trial without a showing of changed circumstances; on the other hand, the court observed that the order entered after the trial is a new order based on a full evidentiary record which also operates to supplant the pendente lite order. Nevertheless, the order may operate only prospectively. Id. at 39.
Ultimately, these cases are not particularly helpful in resolving this issue. Many, such as Whitehead and Reuter, turn on the specific wording of the applicable state statute or rule.
The interpretation and application of N.J.S.A. 2A:17-56.23a must account for the vagaries of pendente lite matrimonial practice. In many instances the motion judge is presented reams of conflicting and, at times, incomplete information concerning the income, assets and lifestyles of the litigants. The orders are entered largely based upon a review of the submitted papers supplemented by oral argument. Absent agreement between the parties, however, a judge will not receive a reasonably complete picture of the financial status of the parties until a full trial is conducted. Only then can the judge evaluate the evidence, oral and documentary, and weigh the credibility of the parties. Only then can the judge determine whether the supporting spouse has the economic means represented by the other spouse or in the case of declining income has suffered legitimate economic reversal or has been afflicted with a temporary case of diminished resources occasioned by a divorce.
*17 We conclude that Judge Zampino's order reducing child support to $100 per week effective the first day of trial does not constitute a retroactive modification prohibited by N.J.S.A. 2A:17-56.23a. Plaintiff's actual earnings and his ability to earn income was a dominant issue throughout the pendente lite proceedings. The appropriate level of child support was a primary issue at trial. At the conclusion of the second day of trial, Judge Zampino had heard most, albeit not all, of the testimony concerning Mr. Mallamo's financial condition. In this context, we believe that defendant's argument that plaintiff had not filed a motion to reduce his child support misperceives the nature of the proceedings which commenced on October 14, 1992. This hearing was not a modification proceeding. Plaintiff was not required to establish changed circumstances, material or otherwise, to have the pendente lite child support award re-examined. This was a full trial in which testimony, subject to cross-examination, was received on all relevant issues, including the net income available to both parents and the appropriate level of child support.
Accordingly, the Judgment of Divorce is affirmed in all respects.
NOTES
[1] Unfortunately, we are without benefit of a brief from plaintiff-husband.