**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4816-17T3
                A-1537-18T3

NANSI GIRGIS,

     Plaintiff-Respondent,

v.

RAGAEY GIRGIS,

     Defendant-Appellant.

_____

Argued September 24, 2019 – Decided January 23, 2020

Before Judges Hoffman, Currier and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2632-15.

Stephanie Palo argued the cause for appellant (Buchan & Palo, LLC, attorneys; Stephanie Palo, of counsel and on the briefs).

Jean M. Ramatowski argued the cause for respondent (Ramatowski & Schwartz, attorneys; Jean M. Ramatowski, on the brief).

PER CURIAM

Defendant appeals from the May 11, 2018 default final judgment of divorce (JOD), entered after a trial, ordering him to pay plaintiff alimony and child support; college and related costs for two of his daughters; and awarding counsel fees to plaintiff. There exists substantial credible evidence in the record to support the judge's findings, including his credibility findings, and we discern no abuse of discretion. We affirm the relief awarded in the JOD substantially for the reasons given by the judge in his extensive thirty-five-page written opinion.

Defendant also appeals paragraphs seventeen and eighteen of an October 23, 2018 order denying his cross-motion seeking make-up parenting time with his daughter, H.G.[1] and denying his request to compel plaintiff to turnover H.G.'s passport to counsel to be held in escrow. Because the judge denied the relief without making the required findings under Rule 1:7-4, we reverse that order and remand for further proceedings on those discreet issues.

## I.

Appellate review of a trial court's decision is limited, as "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova

---

[1] We use initials to protect the privacy interests of the family.

A-4816-17T3

Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). "[M]atrimonial courts possess special expertise in the field of domestic relations. . . . Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Id. at 412-13.

"Only when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' should an appellate court intervene and make its own findings to ensure that there is not a denial of justice." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (citing N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007)). Deference is extended to the family court's factual findings because of its ability to make first-hand credibility judgments. Ibid. "However, a judge's legal decisions are subject to our plenary review." Milne v. Goldenberg, 428 N.J. Super. 184, 197-98 (App. Div. 2012) (citations omitted).

We reject defendant's arguments that the judge abused his discretion by ordering that plaintiff receive the sole marital asset (the marital home) in equitable distribution, and that the judge incorrectly enforced his decision. Defendant was given a right of first refusal to purchase plaintiff's interest in the home but declined to do so. Thereafter, the marital home was listed for sale.

3

Defendant was living in the home and refused to maintain it in a presentable condition. Therefore, the judge ordered him to vacate the home, remove his personalty, and execute the listing agreement, which defendant failed to do. Plaintiff was appointed as his attorney-in-fact to act on his behalf.

"Where the issue on appeal concerns which assets are available for distribution or the valuation of those assets, . . . the standard of review is whether the trial judge's findings are supported by adequate credible evidence in the record." Borodinsky v. Borodinsky, 162 N.J. Super. 437, 443-44 (App. Div. 1978). But "where the issue on appeal concerns the manner in which allocation of the eligible assets is made . . . [we] may determine whether the amount and manner of the award constituted an abuse of the trial judge's discretion." Id. at 444. Thus, we review the judge's allocation of the sole marital asset for abuse of discretion.

Equitable distribution is governed by N.J.S.A. 2A:34-23.1. This statute authorizes a judge to determine not only which assets are eligible for distribution and their value, but also how to allocate those assets. Rothman v. Rothman, 65 N.J. 219, 232 (1974). When determining the parties' equitable distribution of the marital estate, a judge must consider, but is not limited to, the factors set forth in N.J.S.A. 2A:34-23.1.

4

Applying the statutory factors to the parties' circumstances, the judge found plaintiff was entitled to all proceeds from the sale of the parties' property, which would be used to pay plaintiff's attorney's fees, reimburse expenses she paid on behalf of the children, and satisfy any judgment creditors. The judge reached this conclusion, in part, because he characterized defendant's behavior as "miscreant," and because he failed to pay "family expenses." Defendant's refusal to provide discovery and pay for court-ordered experts resulted in the striking of his pleadings.

The judge did not abuse his discretion in denying defendant's request to amend prior tax returns. As a result of defendant's non-compliance with pendente lite orders, the judge granted plaintiff a credit for one-half of the costs she incurred to preserve the marital home, which was on the verge of foreclosure.

We next consider defendant's challenge to the trial judge's alimony award. Defendant contends that the judge failed to appropriately address or analyze plaintiff's standard of living or "current lifestyle" budgets, which did not account for defendant no longer residing in the marital home, and the emancipation of two of the three children. He notes that the trial judge made adjustments for Schedule B and C expenses on plaintiff's matrimonial case information

5

statement, however, he made no further downward adjustments to reflect defendant's departure from the household.

Defendant further argues the alimony award was entered erroneously because the judge did not impute additional income to plaintiff, and defendant was not permitted to fully cross-examine plaintiff at the default hearing as to her current lifestyle needs. We disagree.

In our review of an alimony award, we defer to a trial court's findings as long as they "are supported by substantial credible evidence in the record." Reid v. Reid, 310 N.J. Super. 12, 22 (App. Div. 1998). Applying that standard here, we find no reason to disturb the trial judge's alimony award.

"Alimony relates to support and standard of living; it involves the quality of economic life to which one spouse is entitled, which then becomes the obligation of the other." Gnall v. Gnall, 222 N.J. 414, 429 (2015). "The basic purpose of alimony is the continuation of the standard of living enjoyed by the parties prior to their separation. The supporting spouse's obligation is set at a level that will maintain that standard." Innes v. Innes, 117 N.J. 496, 503 (1990) (citation omitted).

Alimony awards are governed by N.J.S.A. 2A:34-23(b), which sets forth a list of non-exhaustive factors for a court to consider. If the court determines

that one factor is more or less relevant than the other factors, or that one factor should be given more weight over another factor, the court must "make specific written findings of fact and conclusions of law."

The trial judge's award of open durational alimony was appropriate. Each of the statutory factors was analyzed in his written decision. The parties were married for approximately twenty-four years at the time the complaint for divorce was filed. The trial judge found defendant was an engineer and had the ability to earn income from his home inspection business. Plaintiff had primary parental responsibilities during the marriage and a lesser earning capacity. Her testimony was found to be credible by the trial judge. Defendant did not testify.

Contrary to defendant's contention, the trial judge correctly and painstakingly reviewed plaintiff's current Schedule A, B, and C expenses and made an appropriate lifestyle analysis. We also reject defendant's contention that the judge abused his discretion by not imputing more income to plaintiff.

"Imputation of income is a discretionary matter not capable of precise or exact determination but rather requiring a trial judge to realistically appraise capacity to earn and job availability." Storey v. Storey, 373 N.J. Super. 464, 474 (App. Div. 2004). The judge must only impute the amount of income that

a party is capable of earning. Halliwell v. Halliwell, 326 N.J. Super. 442, 448 (App. Div. 1999).

The judge found plaintiff worked as an office manager earning $40,000 annually. She has held her position since 2012. Suffice to say, there was competent evidence in the record to support the judge's underlying findings. Storey, 373 N.J. Super. at 474-75.

Further, we find no merit to defendant's contention that the judge limited cross-examination of plaintiff on these issues. The trial court is given broad discretion to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence." N.J.R.E. 611(a). We conclude that the trial judge conducted a fair trial and defendant was not prejudiced in his questioning of plaintiff.

Defendant next argues that the judge erred by failing to retroactively modify his pendente lite support obligations and award him a credit. The March 7, 2016 pendente lite order required defendant to pay plaintiff's household expenses and child support. According to defendant, the pendente lite award was a "double dip" against him.

Pendente lite support awards may be entered based upon the parties' submissions without a plenary hearing, Mallamo v. Mallamo, 280 N.J. Super. 8, 12 (App. Div. 1995), and are subject to modification prior to final judgment.

Here, the judge aptly found that it could not "precisely assess" defendant's maintenance responsibility "based on [d]efendant's repeated failure to comply with discovery and this court's orders." In addition to defendant's "sizable six-figure salary as an engineer" working for the City of New York, defendant had a home inspection business, which could never be valued due to defendant's recalcitrance and refusal to comply with court orders.

Saliently, defendant never served updated case information statements, in contradiction of court orders. Therefore, the judge had limited information about defendant's finances for purposes of determining support. The judge was well within his discretion in drawing an adverse inference against defendant that he earned in excess of his reported earnings. Defendant's argument is therefore devoid of merit.

Next, defendant argues that the judge miscalculated child support because he used incomes for the parties not based upon adequate facts and failed to include defendant's parenting time. We disagree.

A-4816-17T3

Child support was only calculated for the youngest child using the Child Support Guidelines. The judge utilized plaintiff's salary of $38,950 as reflected on her matrimonial case information statement and an additional $12,500 based upon her testimony at trial. Because defendant did not provide historical or current income information, the judge was constrained to use his 2015 salary information, which was $122,725.33 annually. Defendant was credited with no overnights and with his monthly alimony obligation of $2576.

Applying our deferential standard of review, we are satisfied that the judge followed the legal guideposts espoused by the Child Support Guidelines. It was reasonable for the judge to conclude that since 2015, defendant received an increase in income and by his choosing not to disclose this information it would be unfair not to make an adjustment.

Moreover, the evidence showed defendant was not exercising his overnight parenting time. Indeed, his cross-appeal addresses this very issue. We will not disturb the judge's decision on child support, nor do we discern any abuse of discretion.

On the issue of college tuition, the judge applied the factors expressed in Newburgh v. Arrigo, 88 N.J. 529, 545 (1982). We need not repeat the judge's findings here. Suffice to say, the judge determined that defendant failed to

A-4816-17T3

comply with several orders requiring him to pay college tuition for two of the daughters, and he therefore enforced those orders. As to the third daughter, the judge found that defendant "churned this litigation and failed over a period of years to provide the accounting of the children's accounts [and] misappropriated and dissipated same," concluding there was no reason to relieve defendant of his tuition obligations. We discern no error.

A Family Part judge may award counsel fees at his or her discretion subject to the provisions of <u>Rule</u> 4:42-9. In determining the award, a judge should consider:

> (1) the financial circumstances of the parties;
>
> (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party;
>
> (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial;
>
> (4) the extent of the fees incurred by both parties;
>
> (5) any fees previously awarded;
>
> (6) the amount of fees previously paid to counsel by each party;
>
> (7) the results obtained;
>
> (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and

11

(9) any other factor bearing on the fairness of an award.

[R. 5:3-5(c).]

A judge "shall consider the factors set forth in [Rule 5:3-5(c)], the financial circumstances of the parties, and the good or bad faith of either party." N.J.S.A. 2A:34-23. Application of these factors and the decision to award fees is within the trial judge's discretion. Gotlib v. Gotlib, 399 N.J. Super. 295, 314-15 (App. Div. 2008). That is, an "award of counsel fees in matrimonial actions is discretionary with the trial court, [Rule] 4:42-9(a)(1), and an exercise thereof will not be disturbed in the absence of a showing of abuse." Berkowitz v. Berkowitz, 55 N.J. 564, 570 (1970).

The judge analyzed the Rule 5:3-5(c) factors at length in his written decision, and considered the factors listed in Rule 4:42-9(a)(1) and RPC 1.5(a). He found that defendant acted in bad faith by previously violating several support orders and failing to pay certain maintenance costs associated with the marital home—which resulted in the utilities being turned off. He also noted that defendant was incarcerated for failing to comply with those court orders. The determination that defendant acted in bad faith is supported by ample evidence.

We conclude that the remaining arguments pertaining to the JOD—to the extent that we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion.  R. 2:11-3(e)(1)(E).

## II.

We next address defendant's argument that the judge erred by denying defendant's cross-motion (paragraph seventeen) seeking make-up parenting time with then fifteen-year-old H.G.  Specifically, defendant requested twenty weekend overnights and forty evening dinners with H.G.  Plaintiff did not object to the parenting time sought by defendant but pointed out that he had not exercised parenting time with H.G. for the five to six months prior to the divorce trial.  Moreover, defendant refused to disclose his whereabouts.

Defendant also argues that the judge improvidently denied his cross-motion requesting plaintiff to turnover H.G.'s passport to counsel to be held in escrow (paragraph eighteen).

The judge failed to set forth specific findings of fact and conclusions of law in his order denying paragraphs seventeen and eighteen.  Rule 1:7-4(a) provides:  "The court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all

A-4816-17T3

actions tried without a jury, on every motion decided by a written order that is appealable as of right . . . ."

Because the judge failed to set forth findings of fact and conclusions of law as required by Rule 1:7-4(a), we are compelled to reverse and remand the matter to the family court to develop a complete record. The judge may require an appropriate period for discovery on the contested issues and, if necessary, conduct a plenary hearing to resolve any disputed material facts. The matter is remanded for the judge to comply with the rule and render findings of fact and conclusions of law consistent with this opinion only as to paragraphs seventeen and eighteen of defendant's cross-motion.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4816-17T3