**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3286-19T2

S.W.,

     Plaintiff-Respondent,

v.

G.M.[1],

     Defendant-Appellant.

_____

Argued December 15, 2020 — Decided January 07, 2021

Before Judges Yannotti, Haas, and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-2163-11.

Brian G. Paul argued the cause for appellant (Szaferman, Lakind, Blumstein & Blader, PC, attorneys; Brian G. Paul, of counsel and on the briefs).

Jeffrey P. Weinstein argued the cause for respondent (Weinstein Lindemann & Weinstein, attorneys; Jeffrey P. Weinstein, of counsel and on the brief).

---

[1] We use initials to protect the parties' privacy. R. 1:38-3(d).

PER CURIAM

Defendant G.M. appeals from an April 6, 2020 order, entered after we remanded this matter for a second time to the trial judge to address alimony, Mallamo[2] credits, and the life insurance securing plaintiff S.W.'s alimony obligation. Once again, we reverse and remand the matter for a new judge to determine these issues in accordance with our instructions.

The parties are familiar with the relevant facts which we recounted in detail in two prior decisions. S.W. v. G.M., No. A-4063-14 (Feb. 20, 2018); S.W. v. G.M., 462 N.J. Super. 522 (App. Div. 2020). We instructed the trial judge to "numerically determine the marital lifestyle and apportion it." Id. at 534. We held the judge's use of defendant's pendente lite budget as the starting point for the alimony determination was inappropriate because it ignored the judge's own findings that the parties spent the entirety of their income, and resulted in plaintiff receiving a lopsided share of the disposable income and defendant not sharing in a lifestyle comparable to the one enjoyed during the marriage. Id. at 532-33. Because we directed the judge to revisit the alimony calculation, we also instructed he revisit defendant's request for Mallamo credits. Id. at 534.

---

[2] Mallamo v. Mallamo, 280 N.J. Super. 8 (App. Div. 1995).

Our decision also required the trial judge to recalculate the amount of life insurance securing the alimony obligation. We provided the factors the judge was required to consider in determining the life insurance figure, in addition to a means of calculating the amount of insurance. Id. at 534-35. Notably, as relates to the calculation of the death benefit amount, which required an assessment of the approximate duration of the alimony obligation, we stated "there was no testimony, and only a disputed assertion regarding plaintiff's potential retirement at the full social security age[,]" which the judge had utilized to compute the life insurance. Id. at 535-36.

Following the second remand, defendant's counsel sent a letter dated March 10, 2020, to the trial judge requesting a conference to "determine the protocol and schedule for the remand proceeding." The judge ignored the communication and instead issued the April 6, 2020 order accompanied by a four paragraph statement of reasons. The judge quantified the marital lifestyle as $1,520,268 per year, maintained the alimony in the amount he had determined following our first remand, and addressed neither the Mallamo nor the life insurance issues of the remand. Regarding the alimony, the judge reasoned as follows:

> On the first remand, this court endeavored to review
> [d]efendant's own Case Information Statement [(CIS)]

A-3286-19T2

as to her lifestyle at the time of trial. The court carefully compared the parties' [CISs] and attempted to discern what her reasonable expenses were as opposed to their expenses during the marriage, recognizing at all times that the standard, utilizing all of the statutory factors, was for this court to fashion a result of a "reasonably comparable" lifestyle. That process resulted in a conclusion that provides [d]efendant with an annual tax-free income of $441,504, in addition to any income generated by the equitable distribution she has received . . . . This court continues to believe that, by any calculation, this amount allows her to maintain a reasonably comparable lifestyle.

Defendant raises the following points on this appeal:

POINT I: THE TRIAL COURT FAILED TO FOLLOW CONTROLLING LEGAL PRINCIPLES AND THE APPELLATE DIVISION'S REMAND INSTRUCTIONS WHEN IT SET A POST-DIVORCE BUDGET FOR DEFENDANT THAT WAS CALCULATED ON THE BASIS OF HER CURRENT PENDENTE LITE EXPENSES, WHEN LIVING BENEATH THE MARITAL LIFESTYLE, RATHER THAN QUANTIFYING THE POST-DIVORCE BUDGET NECESSARY FOR HER TO LIVE REASONABLY COMPARABLE TO THE MARITAL LIFESTYLE.

POINT II: THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED AGAINST THE WEIGHT OF THE EVIDENCE WHEN DECIDING DEFENDANT'S REQUEST FOR A PENDENTE LITE CREDIT PURSUANT TO MALLAMO V. MALLAMO IN THE FIRST REMAND, AND WHEN FAILING TO RECALCULATE IT AS PART OF THE SECOND REMAND.

4

POINT III: THE TRIAL COURT ERRED BY NOT COMPLYING WITH THE APPELLATE DIVISION'S INSTRUCTIONS TO RECALCULATE THE AMOUNT OF LIFE INSURANCE NECESSARY TO SECURE THE ALIMONY OBLIGATION AS PART OF THE SECOND REMAND.

POINT IV: RATHER THAN REMANDING THE MATTER FOR A THIRD TIME AND SENDING IT TO A NEW JUDGE, THE APPELLATE DIVISION SHOULD, PURSUANT TO R[ULE] 2:10-5, EXERCISE ORIGINAL JURSIDICTION AND DECIDE THE THREE REMAINING ISSUES ON THE FULLY DEVELOPED TRIAL RECORD SO THAT DEFENDANT'S ALIMONY RELATED CLAIMS, WHICH HAVE BEEN DRAGGING THROUGH OUR COURT SYSTEM SINCE 2011 AND HAVE BEEN IN THE APPELLATE DIVISION SINCE 2015, ARE BROUGHT TO A SWIFT CONCLUSION

We do not disturb "'factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Cesare v. Cesare, 154 N.J. 394, 412 (1998) (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). Legal conclusions are reviewed de novo. Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

"It is beyond dispute that a trial judge has the responsibility to comply with pronouncements of an appellate court." Tomaino v. Burman, 364 N.J.

Super. 224, 232 (App. Div. 2003) (citing Reinauer Realty Corp. v. Borough of Paramus, 34 N.J. 406, 415 (1961)). Adherence to instructions on remand "precisely as it is written" is the "peremptory duty" of a trial court. Id. at 233 (quoting Jersey City Redevelopment Agency v. Mack Props. Co. # 3, 280 N.J. Super. 553, 562 (App. Div. 1995)). While trial judges have the "privilege" to disagree, they are "bound to follow the rulings and orders of the Appellate Division; they are not free to disregard them." Ibid. (citing Kosmin v. N.J. State Parole Bd., 363 N.J. Super. 28, 40 (App. Div. 2003)). "Indeed, the very essence of the appellate function is to direct conforming judicial action." Ibid. (citing In re Plainfield-Union Water Co., 14 N.J. 296, 303 (1954)). Appellate court instructions are "binding[,]" id. at 234, and the trial court "has no choice but to follow those instructions irrespective of its private view as to their soundness." Ibid.

With these principles in mind, we are constrained to reverse and remand the alimony, Mallamo, and life insurance issues for reconsideration once again. Although the trial judge determined the marital lifestyle numerically, he ignored our instruction to begin with that figure and apportion it between the parties to determine the alimony amount. Rather, his decision makes clear he continued to use defendant's pendente lite budget and supplemented it with expenses from

6

the marital budget, which was expressly what we instructed him not to do. Also, the judge's reasoning ignored our concerns regarding the parties' ability to equally share in the marital lifestyle as "the alimony award allotted defendant disposable income of $36,792 and plaintiff $89,897 per month without explanation." S.W., 462 N.J. Super. at 533 (emphasis added). Further, the judge failed to address the Mallamo and life insurance issues.

Lastly, the trial judge erred when he issued the order following the second remand in a summary fashion. It was apparent from our instructions that further testimony, or at a minimum, further submissions and argument on all of the remand issues would be necessary. Furthermore, the judge is clearly committed to his decision. For these reasons, we direct that the matter be adjudicated by the Presiding Judge of the Family Part. See R. 1:12-1(d) (stating a judge "shall not sit in any matter if the judge . . . has given an opinion upon a matter in question in the action"). We decline defendant's invitation to decide the matter ourselves for reasons we previously expressed. S.W., 462 N.J. Super. at 536.

To summarize, the April 6, 2020 order was "inconsistent with the competent, relevant and reasonably credible evidence [so] as to offend the interests of justice." Cesare, 154 N.J. at 412. The order also constituted a misapplication of the law.

A-3286-19T2

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION