**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3847-18

JENNIFER LERNIHAN,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

MICHAEL REVOLINSKY,

      Defendant-Respondent/
      Cross-Appellant.

_____

      Argued January 21, 2021 – Decided February 22, 2021

      Before Judges Alvarez and Sumners.

      On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-1686-17.

      Angelo Sarno argued the cause for appellant/cross-respondent (Snyder Sarno D'Aniello Maceri & Da Costa, LLC, attorneys; Angelo Sarno, of counsel and on the briefs; Lydia Latona, on the briefs).

      Brian McFadden-DiNicola argued the cause for respondent/cross-appellant (Hoagland, Longo, Moran,

Dunst & Doukas, LLP, attorneys; Brian McFadden-DiNicola, of counsel and on the briefs).

PER CURIAM

Plaintiff Jennifer Lernihan appeals the Family Part's March 29, 2019 decision denying her palimony and counsel fees. Defendant Michael Revolinsky cross-appeals the trial court's denial of his request for counsel fees and refusal to order plaintiff to reimburse $32,958.38 he paid in pendente lite support. We affirm, based on Judge Kimberly Espinales-Maloney's cogent, comprehensive, and thoughtful written decision. We add the following brief comments.

The parties met in 1996, later became engaged, but never married. Plaintiff testified as to statements she interpreted to mean defendant had committed to support her financially for life. This began in 2002, when he proposed. Plaintiff was then earning approximately $49,250 in annual wages, and defendant $57,083. By the time of the trial, plaintiff, who obtained a graduate degree while engaged to defendant, was employed as a school psychologist earning approximately $104,301 per year. Whereas, defendant earned $174,147 as a construction project manager.

The parties lived together in a marital-type relationship from 2002 to 2016 and had two children. They bought and sold two houses, each contributing to

the deposit from his or her own earnings and savings. Both worked during the majority of those years. The only time plaintiff was financially dependent on defendant was for brief periods after the birth of the children—but even then, she paid from her own funds a portion of the children's expenses as well as her own.

During the years of the relationship, the parties maintained separate bank accounts, made defined contributions to their joint expenses, and, other than jointly owning their homes, both of which were sold before the trial, never held property or debt in joint names, or otherwise comingled their earnings.

Judge Espinales-Maloney found defendant's denial that he ever committed to support plaintiff for life more credible than plaintiff's assertion that he had. Indeed, the judge opined that plaintiff was a self-sufficient professional who could "support herself in a reasonable degree of comfort." In the judge's view, the facts necessary to establish a successful claim for palimony were entirely absent. Not only was plaintiff defendant's financial equal when the relationship began, any belief she may have had regarding defendant's alleged commitment to support her for life was entirely refuted by the manner in which the parties lived and managed their money.

3

In addition to unsuccessfully attempting to establish a basis for a palimony claim, plaintiff also sought relief under a variety of equitable theories: partial performance, unjust enrichment and quantum meruit, quasi-contract, estoppel, specific performance of implied contract, fraud/misrepresentation, and joint venture. Not surprisingly, the judge rejected these theories of recovery as well, because she found defendant never made promises of lifetime support to plaintiff, and plaintiff was financially independent. Thus, the equitable claims based on alleged promises had no merit.

In denying both parties' requests for counsel fees, Judge Espinales-Maloney closely adhered to all relevant precedents, rules, and statutes. She considered the amount of fees sought to be "reasonable." Plaintiff's ability to pay was more limited, but she failed in proving entitlement to palimony, and was at times unreasonable during the litigation with regard to defendant's access to the children. A further factor tipping the equities against plaintiff's demand for counsel fees was the judge's decision not to require her to reimburse defendant for pendente lite support.

Although defendant prevailed on the palimony and related claims, he enjoyed higher wages and had more substantial liquid assets, including a retirement account. He was thus in a better position to pay fees.

4

Generally, pendente lite relief does not survive the entry of final judgment "unless expressly preserved in it or reduced to judgment prior to entry of final judgment." Mallamo v. Mallamo, 280 N.J. Super. 8, 12 (App. Div. 1995). It is intended to maintain the status quo. Id. at 11-12. Although plaintiff can support herself comfortably, there is an undisputed disparity between her level of earnings and defendant's.

Thus, the judge did not grant defendant's Mallamo claim for reimbursement of pendente lite support because she did not consider such an award to be equitable. The initial order, as are all pendente lite orders, was an exercise of discretion. See Slutsky v. Slutsky, 451 N.J. Super. 332, 368 (App. Div. 2017). In light of defendant's significantly higher wages, and that the payments ultimately inured not only to plaintiff's benefit, but to the parties' children as well, this discretionary decision also appears to be equitable.

We engage in a limited review of the factual findings made by a Family Part judge. N.J. Div. of Child Prot. & Permanency v. S.K., 456 N.J. Super. 245, 261 (App. Div. 2018). Such findings will be affirmed where supported by "adequate, substantial, credible evidence." Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). Deference to a Family Part judge's decision is appropriate because of their "specialized knowledge and experience in matters

A-3847-18

involving relationships . . . ." N.J. Div. of Youth & Fam. Servs. v. F.M., 211 N.J. 420, 427 (2012). A trial judge's understanding and feel for the case can never be "realized by a review of the cold record." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008). In this case, the judge's conclusions are amply supported by the record. Our assessment of the judge's legal determinations, however, is always de novo. N.J. Div. of Child Prot. & Permanency v. A.B., 231 N.J. 354, 369 (2017).

The palimony right to support "does not derive from the relationship itself but rather is a right created by contract." In re Estate of Roccamonte, 174 N.J. 381, 389 (2002). The promise of support can be express, "implied by conduct[,] or both." Id. at 394. The existence of a contract is determined primarily by the parties' "acts and conduct in the light of the subject matter and the surrounding circumstances." Kozlowski v. Kozlowski, 80 N.J. 378, 384 (1979).

For a palimony claim, "there must be a showing of economic inequality and an inability by the party seeking palimony to live independently at a reasonable level of support." Bayne v. Johnson, 403 N.J. Super. 125, 142 (App. Div. 2008); see also Roccamonte 174 N.J. at 393-94. Courts may also consider other factors, such as whether a party detrimentally relied on the express or implied promise, or whether a party's decision to move in with their partner was

primarily motivated by financial support. <u>Bayne</u>, 403 N.J. Super. at 141-42. However, "palimony is not an economic substitute for opportunities that may have been lost or expectations that were unfulfilled." <u>Id.</u> at 143.

The judge found that defendant never agreed to financially support plaintiff for life, nor did the parties live as if such a commitment had been made. This determination is supported by substantial credible evidence in the record regarding the relationship and the manner in which the parties conducted their financial affairs. The judge's decision regarding counsel fees and return of pendente lite support is also supported by substantial credible evidence in the record. In all respects, we consider the judge's interpretation of relevant precedents to be correct.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3847-18