**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2649-19

MATTHEW GOODWIN,

     Plaintiff-Appellant,

v.

DONNA M. GOODWIN,

     Defendant-Respondent.

_____

          Submitted April 20, 2021 – Decided May 7, 2021

          Before Judges Fisher and Moynihan.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0632-07.

          Peter A. Ouda, attorney for appellant.

          Jacobs Berger, LLC, attorneys for respondent (Jamie N. Berger, of counsel and on the brief; Amanda P. Johnston, on the brief).

PER CURIAM

The parties were married in November 1987. Three children were born of this marriage, and all are now emancipated adults. Plaintiff Matthew Goodwin filed this divorce action in 2006. Early in the proceedings, Matthew was ordered to pay defendant Donna M. Goodwin $4,753 in monthly pendente lite support for her and the children. He soon fell behind; an order entered in June 2007 found he had only paid $2,100 and was $26,418 in arrears; the order also reduced the monthly obligation to $3,137 by imputing income to Donna. This same order also authorized the release of $100,000 from Matthew's Charles Schwab SEP-IRA account to be held in trust by Donna's attorney as security for Matthew's obligations because of his "repeated, willful and inexcusable defiance of the [c]ourt's prior orders." And the June 2007 order declared that Matthew would be responsible for the penalties and taxes associated with the SEP withdrawal. Matthew failed to comply with the direction that the funds be withdrawn.

In April 2008, the parties were divorced; the judgment incorporated an agreement that required arbitration of their disputed financial issues by a retired superior court judge and review by an appellate arbitrator. A few months later, Donna sought from the arbitrator an order that would require distribution of $160,000 from the SEP as an advance on equitable distribution eventually due

2 <span>A-2649-19</span>

her and without prejudice to final allocation; she also asked that the arbitrator enforce that part of the June 2007 order that required the release of $100,000 from the SEP to be held by her attorney. The arbitrator granted both applications in October 2008.[1]

The arbitrator rendered a written opinion in May 2009 and an arbitration award in July 2009. The trial judge entered an order that confirmed the arbitrator's award on October 14, 2009.

The arbitrator determined there were actually two retirement accounts[2] and that they had a combined value for equitable distribution purposes as of November 30, 2008, of $436,094. He directed that this amount be equally distributed "subject to allocation of early withdrawal penalties, taxes and other penalties set forth" elsewhere in the arbitration award. The arbitrator determined that Matthew should bear the responsibility for the payment of taxes and penalties incurred on $50,000 of the $160,000 withdrawal, and that the parties should share equal responsibility for the taxes and penalties of the remaining

---

[1] The $160,000 withdrawal was reduced by the award of a $5,000 fee to Donna's attorney and by the payment of the arbitrator's $5,000 retainer.

[2] We will continue to refer to them as SEP.

A-2649-19

$110,000 withdrawal, an unequal distribution of that liability because of Matthew's failure to comply with his pendente lite obligations.

Another issue resolved in arbitration was Matthew's claim to a Mallamo[3] credit. The arbitrator determined Matthew was entitled to a credit

> provided he submit[ted] to [Donna] proof of payments made of [her] Schedule A and B expenses, insurance premiums or children's activities and non-covered health expenses in an amount in excess of $7,500 per month, (which credit is unallocated and not taxable to [Donna], for the period of January 5, 2007 through June 1, 2009). This credit [was] to be paid to [Matthew] as a credit from the proceeds of the closing on the marital home.

The arbitrator also awarded $100,000 from the SEP to Donna for payment of counsel fees she had incurred, allowed Matthew a credit of $55,000 for one-half of the $110,000 "already withdrawn and paid to [Donna's] counsel," and determined that Matthew's "remaining counsel fee obligation to [Donna] of $45,000[] will be satisfied by the transfer of an additional $45,000[] from the [SEP] to [Donna]."

---

[3] Mallamo v. Mallamo, 280 N.J. Super. 8, 12 (App. Div. 1995) (holding that pendente lite supports orders are "subject to modification," so that when entering final judgment, a court may adjust the parties' obligations to make up for the difference between the pendente lite order and the final disposition).

As mentioned, the arbitration agreement provided the parties with the right to appeal the award to another arbitrator. Matthew filed an appeal regarding some of the issues referred to above. The appellate arbitrator affirmed the retired judge's award in March 2014; among other things, the appellate arbitrator observed that "[t]he underlying record is replete with [Matthew's] constant and pervasive violations of the pendente lite orders." In motions filed soon after, the trial court continued to deny Matthew relief in light of the arbitrator's decision and its affirmance.

In April 2015, the trial court determined that Matthew had established a prima facie showing of changed circumstances. Because Matthew was self-employed, the judge directed him to obtain an assessment by a forensic expert of his "true income and review his claimed business expenditures." Donna moved for reconsideration. In opposing that motion, Matthew admitted he had removed funds from the SEP years earlier without Donna's knowledge; he asserted the funds were removed to avoid IRS attachment. As a result, the trial judge directed a release to Donna of other funds held in escrow elsewhere that were accumulated from the sale of the marital home. Among other things, the trial judge directed Matthew to provide information regarding what the judge characterized as Matthew's "improper[] remov[al]" of funds from the SEP and

his "refus[al] to disclose the whereabouts and details and accounting for same." When Matthew failed to comply, a bench warrant was issued for his arrest.

Additional motions[4] produced five trial court orders entered on July 10, 2015.  Among other things, these orders directed the release of $96,584.34 from escrow to Donna, and compelled Matthew to (a) disclose the whereabouts and provide an accounting regarding the removed SEP funds; (b) provide proof of life insurance; and (c) demonstrate he retained the accountant required for the pending changed-circumstances proceeding or else the request for a modification of his support obligation would be denied.

Matthew appealed portions of the five July 10, 2015 orders.  We found no merit in any of his arguments – noting, among other things, his contumacious attitude toward the trial court's orders – and affirmed the July 10, 2015 orders under review.  Goodwin v. Goodwin, No. A-5514-14 (App. Div. Nov. 4, 2016) (slip op. at 12-14).

Matthew thereafter moved for relief from an outstanding bench warrant. Except for one minor modification in its terms, the request to vacate the bench

_____

[4] Because it is not necessary to our disposition of the issues raised in this appeal, we have not set out the entire procedural history of this case and have not mentioned many of the motions filed from the action's commencement until entry of the order under review.

A-2649-19

warrant was denied by order entered on June 6, 2017. By this time – despite the passage of nearly two years – Matthew had failed to comply with the July 10, 2015 orders, including the obligation to provide information and account for the SEP funds he unilaterally removed years earlier. When Matthew had failed to comply by September 2017, Donna again moved for enforcement of the prior orders. A February 18, 2018 order required, once again, Matthew's compliance with prior directions about the SEP. And the judge again found Matthew had "consistently displayed an utter disregard for his legal obligations and the orders of this [c]ourt." The judge refused to proceed further with Matthew's changed-circumstances application until he fully complied with all outstanding obligations. Not until April 2018 did Matthew disclose that the funds removed from the SEP had been placed in a TD Ameritrade account.

Meanwhile, the probation department had levied on a brokerage account held by Matthew to compensate for the $78,415.67 arrearage in alimony and child support. In October 2018, Matthew sought entry of an order to show cause to suspend this levy; it was then that Donna learned for the first time of the brokerage account's existence. The trial judge quite correctly denied Matthew's application.

A-2649-19

In February 2019, Donna moved for aid of litigant's rights and other relief, seeking, among other things, the authority to withdraw: (a) $218,047 from the TD Ameritrade account to satisfy, along with interest, her share of equitable distribution of the SEP as had been ordered by the arbitrator, and (b) $80,858.66 from Matthew's brokerage account to satisfy several past orders requiring his payment of her counsel fees and sanctions. Matthew cross-moved, arguing there were outstanding factual disputes that required a plenary hearing.

By order entered on May 16, 2019, the trial judge granted Donna's motion and denied Matthew's, concluding in his written decision – after a thorough discussion of the arbitration and the many other procedural events that were prologue to his determination – that there were "no outstanding or unresolved issues" relating to the arguments posed in the cross-motions. Instead, the judge determined that Matthew was simply attempting to relitigate matters already resolved, by the arbitration award or otherwise. The judge concluded that the "allocation of tax liability relating to the retirement accounts" had been resolved – unambiguously – by the arbitration award issued ten years earlier.

Undeterred and unsatisfied, Matthew moved for a stay of the May 16, 2019 order pending appeal. That motion was denied on August 7, 2019. He never appealed the May 16, 2019 order. Instead, on September 16, 2019,

Matthew moved in the trial court to vacate the part of the May 16, 2019 order authorizing a withdrawal of funds from the TD Ameritrade account for Donna's benefit. He also requested a direction from the trial court that the parties return to arbitration regarding the claim to a Mallamo credit and argued responsibility for the taxes and penalties engendered by withdrawals from the SEP – despite having previously been argued on other occasions – had not been correctly decided by the arbitrator or by later orders entered in the trial court. Donna cross-moved, seeking counsel fees and frivolous litigation sanctions because of Matthew's attempt to relitigate matters previously resolved.

By way of his December 23, 2019 order, and as explained in a written decision, the judge denied Matthew's motion and granted Donna's.

Matthew appeals, arguing:

> I. THE COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE DOCTRINE OF LACHES BARRED RELIEF UNDER [RULE] 4:50-1. ACCORDINGLY, THE COURT SHOULD VACATE PARAGRAPHS 1 AND 2 OF [THE] DECEMBER 23, 2019 ORDER.
>
> II. PURSUANT TO R. 4:50-1[,] THE MAY 16, 2019 ORDER MUST BE VACATED, OR IN THE ALTERNATIVE, IT MUST BE CORRECTED PURSUANT TO R. 1:13-1.
>
> III. THE PARTIES'[] FINAL ARBITRATION AWARD MUST BE ENFORCED AND [MATTHEW]

SHOULD BE ENTITLED TO RETURN TO ARBITRATION FOR REVIEW OF MALLAMO CREDITS.

We find these arguments to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). In fact, we find these arguments to be frivolous. We add only the following few comments.

As for Matthew's first argument, although the judge mistakenly invoked the equitable doctrine of laches, he correctly recognized that Matthew's attempts to seek relief from the arbitration award or subsequent orders – even assuming the award or orders were incorrectly decided – were unreasonably delayed. Rule 4:50-2 requires that such motions be filed within a reasonable time. It is remarkable to observe that the arbitration award was rendered more than ten years before. Once untethered from the laches doctrine,[5] the judge's unreasonable-delay determination – better tethered to Rule 4:50-2 – is unassailable and affirmed.

As for his third argument – in which Matthew seeks authorization to go back to arbitration so he may further pursue his alleged Mallamo credit – we

---

[5] Laches more appropriately applies when no statute of limitations is available to govern the timeliness of the assertion of a claim in equity. See, e.g., Fox v. Millman, 210 N.J. 401, 420 (2012). But other equitable doctrines would have supported a denial of the motion; the unclean hands doctrine comes to mind.

A-2649-19

need only observe, once again, that the arbitration award was issued in July 2009 and affirmed by the appellate arbitrator in March 2014. Neither of those determinations suggested issues remained. The time to complain – even if Matthew was correct – about the arbitrator's failure to resolve an issue has long since passed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2649-19