**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2848-23

LINDA K. HIRD, f/k/a
LINDA K. HIRST,

      Plaintiff-Respondent,

v.

JONATHAN A. HIRST,

      Defendant-Appellant.

_____

Submitted March 17, 2025 – Decided July 1, 2025

Before Judges Gummer, Berdote Byrne, and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0941-22.

Jonathan A. Hirst, appellant pro se.

Fox Rothschild LLP, attorneys for respondent (Lindsay A. Heller, of counsel and on the brief).

PER CURIAM

In this post-judgment matrimonial action, defendant Jonathan A. Hirst appeals an April 5, 2024 order, denying his motion based on the court's interpretation of the terms of a Binding Term Sheet ("BTS") and a Marital Settlement Agreement ("MSA") and awarding attorney's fees to plaintiff. We affirm the order substantially for the reasons outlined in Judge Marc R. Brown's cogent oral opinion.

I.

The parties were married in 2013. No children were born of the marriage, though each had emancipated children from prior marriages. On November 12, 2021, plaintiff obtained a temporary restraining order against defendant. Five days later, she filed for divorce.

On June 21, 2022, defendant moved for pendente lite spousal support, seeking monthly payments of $7,961.90. On August 26, 2022, the parties entered into a consent order that incorporated civil restraints and directed plaintiff to pay spousal support of $1,000 per month, retroactive to June 21, the date defendant filed his notice of motion.

No modifications to the pendente lite order were sought by the parties or issued by the court during the pendency of the action. After months of mediation, the parties executed a BTS on October 19, 2023. The BTS resolved

several financial issues, including future alimony, but did not address pendente lite support. On execution of the BTS, plaintiff discontinued monthly pendente lite payments after making a final payment in October 2023.

On January 8, 2024, both parties executed a MSA. Its terms were incorporated by reference into a Judgment of Divorce ("JOD") entered that same day. Reviewing his records thereafter, defendant discovered plaintiff had ceased making pendente lite support payments as of November 1, 2023. Defendant requested payment for the months of November 2023, December 2023, and January 2024.[1] Plaintiff declined, citing various provisions in the BTS by which the parties had waived all claims to alimony.

On March 6, 2024, defendant moved to compel payment of pendente lite arrears for November 2023 through January 2024. Plaintiff opposed the motion and cross-moved for sanctions and attorney's fees pursuant to Rule 1:4-8, contending the JOD and MSA superseded any claim for pendente lite obligations and that defendant's motion was frivolous. After oral argument on April 5, 2024, the judge denied defendant's motion and granted plaintiff's request for counsel

---

[1] As noted by the judge, defendant requested a full $1,000 payment for January, instead of a pro-rated sum, even though the parties' divorce was finalized on January 8th.

A-2848-23

fees in the amount of $3,500, although it did not find defendant's filing to be frivolous under Rule 1:4-8.

In his oral decision, Judge Brown cited those provisions of the BTS he found controlling. The judge stated:

> [Paragraph] 1.27 says that, for the promises and covenants set forth herein and in satisfaction of any and all claims between the parties, including, without limitation, support . . . equitable distribution of assets, and liabilities . . . [c]ounsel fees, expert fees, and any other claims -- any other credits claimed to be due and owing by either party, wife agrees to pay to the husband the sum of $1,200,000, which shall be tax free. That, again, clearly indicates that that includes all claims.
>
> I then would go to [p]aragraph 2.1 of the BTS . . . . "The parties further acknowledge that they waive any and all claims against the other with respect to any issues related to their divorce . . . ." All claims. There's no reservation of right[s] in that provision.
>
> Paragraph 2.1. "For the promises and covenants set forth herein above, the parties each specifically waive any and all rights to alimony and support, both now and in the future, from the other and state that they are self-sufficient and capable of supporting themselves now and in the future," which presupposes the idea that if anything was owed at that point in time, it is no longer collectible. It's waived. There is no reservation [of rights] in that language.
>
> . . . Paragraph 7.4, "subject to the provisions of this agreement, each party . . . releases and discharges the other from any and all causes of action, claims, rights, or demands . . . which either of the parties ever

4

had now has against the other except for any and all causes of action for dissolution of the marriage or any cause of action to effectuate the terms of and conditions of this agreement." Operative words being "which either of the parties ever had or now has." Presumably, that would have been any claim which preceded their execution of this agreement.

Finally, the judge observed:

> Paragraph 7.8, again, "the parties have incorporated into this agreement their entire understanding and no oral statement or prior written material extrinsic to this agreement shall have force or effect. This agreement supersedes all contracts, arrangements, commitments, and offers of every kind or nature, oral or written, at any time heretofore made by the parties. The purpose of this agreement is to clarify the legal relations of the parties and there are no representations, warranties, covenants, or undertakings other than those expressly set forth in the framework of this agreement." There is nothing in this -- when this paragraph said, "this agreement supersedes all contracts, arrangements, commitments, and offers of every kind," it does not exclude the binding term sheet. The agreement supersedes that.
>
> . . . The agreement in [p]aragraph 7.22 says, "the parties acknowledge that he and she has carefully read and both understand the agreement and warrant and represent that it is fair and equitable to each." <u>At no point in this agreement is there an indication that there was a reservation by Mr. Hirst of his right to recoup premarital money, pendente lite money based upon the August . . . of 2022 order</u> and not only is the agreement dispositive in each of the . . . paragraphs I just cited, but there is also no doubt that . . . what Mr. Hirst is asking the [c]ourt to do in some respect is he's asking

5

the [c]ourt to add a term to this agreement. He's asking the [c]ourt to . . . revive . . . the pendente lite claim, which were specifically excluded in the document itself. He's asking that the [c]ourt rewrite this agreement, and that's not the province of this [c]ourt. The agreement is not ambiguous in this sense. He can argue that the binding term sheet, there was ambiguity there, but the agreement is as clear as day. All of these other claims are waived. The [c]ourt is not going to rewrite the agreement. I'm not going to insert a claim, which says that the -- all claims are waived with the exception of the $3,000 that was owed between November of 2023 and January of 2024. I'm not having that, and that's what he's essentially asking that I do.

The judge concluded its decision by citing the landmark case of <u>Mallamo v. Mallamo</u>, 280 N.J. Super. 8, 12 (App. Div. 1995), which held that any arrears incurred relative to a pendente lite order must be preserved in a final judgment or they are extinguished.

Regarding attorney's fees, Judge Brown reviewed the criteria set forth in RPC 1.5(a), <u>Rule</u> 4:42-9(b), and <u>Rule</u> 5:3-5(c), finding that defendant's submission of "about 600 pages . . . was over the top" and "unreasonable[,] given the fact that the issues that we're dealing with here were neither novel nor difficult." The judge also found the $7,700 in fees incurred by plaintiff, as a result of defendant's voluminous filing, to be excessive. To rectify this circumstance and for reasons in the record, the judge concluded that defendant should "contribute $3,500 to [plaintiff's] fees."

On appeal, defendant argues the judge erred in extinguishing arrears because inter alia "the vitality of the pendente lite award continued until the judgment of divorce and such sums are vested," in not recognizing the pendente lite award acted as a final judgment each month, and in awarding counsel fees without sufficiently analyzing Rule 5:3-5(c), Rule 4:42-9, and RPC 1.5(a), and in an amount that exceeded the value of the sum at issue ($3,000 in missed payments).

## II.

This court reviews the trial court's factual findings under a deferential standard. Balducci v. Cige, 240 N.J. 574, 595 (2020). Findings "by a trial court are binding on appeal when supported by adequate, substantial, credible evidence." Gnall v. Gnall, 222 N.J. 414, 428 (2015). By contrast, a "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Interpretation of contracts, including settlement agreements, is reviewed de novo. Serico v. Rothberg, 234 N.J. 168, 178 (2018); Gold Tree Spa, Inc. v. PD Nail Corp., 475 N.J. Super. 240, 245 (App. Div. 2023).

"Settlement of disputes, including matrimonial disputes, is encouraged and highly valued in our system." Quinn v. Quinn, 225 N.J. 34, 44 (2016). The strong public policy favoring settlements "rests on the recognition that 'parties to a dispute are in the best position to determine how to resolve a contested matter in a way which is least disadvantageous to everyone.'" Gere v. Louis, 209 N.J. 486, 500 (2012) (quoting Impink ex rel. Baldi v. Reynes, 396 N.J. Super. 553, 563 (App. Div. 2007)). A settlement "spares the parties the risk of an adverse outcome and the time and expense—both monetary and emotional—of protracted litigation." Kernahan v. Home Warranty Adm'r of Fla., Inc., 236 N.J. 301, 323 (2019) (quoting Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C., 215 N.J. 242, 253-54 (2013)).

Matrimonial agreements "are essentially consensual and voluntary in character and therefore entitled to" a predisposition in favor of "their validity and enforceability." Petersen v. Petersen, 85 N.J. 638, 642 (1981). It is "shortsighted and unwise for courts to reject out of hand consensual solutions to vexatious personal matrimonial problems that have been advanced by the parties themselves." Quinn, 225 N.J. at 44 (quoting Petersen, 85 N.J. at 645). Accordingly, our courts will "strain to give effect to the terms of a settlement

A-2848-23

wherever possible." Capparelli v. Lopatin, 459 N.J. Super. 584, 603 (App. Div. 2019) (quoting Brundage v. Est. of Carambio, 195 N.J. 575, 601 (2008)).

"The basic contractual nature of matrimonial agreements has long been recognized." Pacifico v. Pacifico, 190 N.J. 258, 265 (2007) (citing Harrington v. Harrington, 281 N.J. Super. 39, 46 (App. Div. 1995)). That is, a "settlement agreement is governed by basic contract principles." Quinn, 225 N.J. at 45. As with any contract, "the parties cannot expect a court to present to them a contract better than or different from the agreement they struck between themselves." Ibid. When "the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement . . . ." Ibid.

Here, we are satisfied Judge Brown appropriately applied the foregoing legal principles of contract law to the BTS and MSA. By referencing key provisions of the BTS—which includes a waiver of all claims and no reservation of rights—and case law establishing that claims for pendente lite support not specifically preserved in the final judgment are extinguished, the trial court did not err. It ruled soundly. The judge properly assessed the pertinent court rules in deciding the attorney fee award and reached a balanced and just decision.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

9                                                          A-2848-23